MARTHA BRADSTREET, PLAINTIFF IN ERROR V. ANSON THOMAS.

It is error on the trial of a writ of right, before the grand assize, to prevent the introduction of written evidence; because in a trial between the demandant, offering the testimony, and a defendant claiming in opposition to the demandant, under the same title with that of the defendant, before the grand assize, the court had frequently examined the title set up by the written evidence offered, and had become fully cognizant of it; and had, in that trial, at the suit of the demandant, in which it had been produced, decided that it in nowise tended to establish a legal title to the land in controversy, in the demandant.

The demandant had a right to place before the assize all the evidence which she thought might tend to establish her right of property, which had been ruled to be competent evidence in another suit; against the competency of which, nothing was objected in this suit: and the assize had a right to have such evidence before them, that they might apply to it the instructions of the court, as the law of the case, without which they could not do it.

There is a safer repository of the adjudications of courts, than the remembrance of judges; and their declaration of them, is no proof of their existence.

ERROR to the district court of the United States, for the northern district of New York.

This was a writ of error prosecuted by the demandant, in the district court of the northern district of New York, in a writ of right sued out by her. The case was fully argued by Mr. Myer and Mr. Jones for the plaintiff in error; and by Mr. Beardslev for the defendant.

The judgment of the district court was reversed on a single point, the rejection of certain evidence offered by the plaintiff. No opinion was given on any other question in the cause; and the arguments on the numerous points presented to the Court, and argued by the counsel for the plaintiff and defendant, are therefore omitted.

Mr. Justice WAYNE delivered the opinion of the Court:

We will direct our attention to a single point in this cause, because it is the most important in principle and practice; and is, in our opinion, conclusive of the judgment which this Court must render upon this writ of error.

The tenant in the writ of right, upon the trial of the cause, having given his evidence, and rested his cause upon it, the demandant, upon

the court's deciding that the tenant had proved enough to put her on the proof of the mise on her part, gave certain oral testimony in support of her right, with an exemplification of a decree of the court of chancery in the state of New York, under the seal of the court. The counsel for the tenant then inquired whether the demandant intended to offer any new or different evidence from that heretofore offered by her in other trials had in that court in writs of right, by the demandant against Henry Huntington and others, for other portions of Cosby's manor, claimed by the demandant, by virtue of the same title deeds by which the premises in question were claimed. To this inquiry, the demandant replied that she had no other or different evidence; whereupon the counsel for the tenant objected to the evidence, which he then understood was to be offered by the demandant—alleging that it had been given in evidence on former trials in writs of right between the demandant and Henry Huntington and others, for other portions of Cosby's manor; and had been solemnly considered on a motion for a new trial in the cause of the said demandant against Huntington; and that it was then decided by this Court, that the evidence of the demandant then offered, and now intended to be offered, in nowise tended to establish a legal title to any portion of the land in Cosby's manor, now in controversy. That the evidence, therefore, intended to be offered by the demandant, would have established no right or title in her to the premises in question; and was immaterial, and irrelevant. Whereupon the said judge decided, that inasmuch as the evidence to make out the asserted title of the demandant to these and other lots in Cosby's manor, had been frequently examined by him, on other trials in behalf of the said demandant, against the tenants of land in Cosby's manor, whereby he had become fully cognizant of the same; and that, as he had solemnly considered the same, on a motion for a new trial, in the case of Henry Huntington, at the suit of the demandant; and had come to the conclusion, that the said evidence tended in nowise to establish a legal title to any portion of the land in controversy, in the said demandant; he was, therefore, bound to overrule the same, as insufficient in law, and therefore immaterial and irrelevant. The demandant excepted to this decision, stating she would offer each piece of her testimony, separately, and in succession in evidence to the grand assize. As they were offered, they were rejected by the court.

The evidence rejected were several documents, serving, as the de-

mandant supposes, to establish that she was seised of the premises in question; and as each was presented, it was overruled by the court, the demandant excepting to the decision.    Certain facts were then admitted to be in evidence, not embracing, however, any point to which the rejected testimony was supposed to apply; and the court delivered as its opinion to the assize, that by the practice in a writ of right, the tenant was required to begin by offering his testimony. That this rule seemed to imply, that he must adduce some testimony; although to what extent or effect, seemed not very clear from any treatise in this antiquated form of action.    In this instance, the proof adduced by the tenant, did not show title or possession in himself. Still he deemed it sufficient to put the demandant to the proof of her seisin or better title in herself; and she having failed to give such proof, was not entitled to recover: and that the grand assize ought, therefore, to find a verdict in favour of the tenant.

To this charge of the court the demandant excepted.   This statement, it seems to us, shows the error in rejecting the evidence.    If the demandant was put to the proof of her seisin or better title before the grand assize, who were sworn to say which of the parties had the "mere right to have the messuages and tenements," under the direction of the court as to the law applicable to the facts; the demandant had a right to place before the assize all the evidence which she thought would tend to establish her right of property, which had been ruled to be competent evidence in another suit; against the competency of which, nothing was objected in this suit: and the assize had a right to have such evidence before them, that they might apply to it the instructions of the court, or law of the case, without which they could not do so.    Where the court undertook in this case to give what it said was the law of the case, because it ruled the law upon the same evidence in another case, rejecting it in this; we have its own admission that the evidence was competent in that case, and necessarily was competent in the case before it; if the papers offered were authenticated in such way as the law requires, or were of that class, which do not need official authentication as proof by witnesses.    No objection of that kind was made.   The footing upon which the rejection of the evidence is put by the court, is, that having frequently examined it in other trials, and considered it on a motion for a new trial, in the case of Huntington at the suit of the demandant, it had come to the conclusion, that the evidence tended in nowise to establish a legal title to any portion of the land

[Bradstreet v. Thomas.]

in controversy, in the demandant. Nothing was said of its inadmissibility. The evidence was excluded upon the ground of past adjudication, upon the court's declaration of that fact, without record evidence of any such verdict or judgment. There is a safer repository of the adjudications of courts, than the remembrance of judges; and their declarations of them is no proof of their existence. But in what way is it attempted, in argument, to maintain the correctness of the rejection of this evidence. The learned counsel of the tenant, in his very able argument in support of it, says it was rightly rejected; because it did not prove, nor tend to prove, that the demandant was seised of the premises in question; that the deed which made the first link in the chain of the demandant's title was void; and continuing his analysis of the rejected testimony through all the chain, from Ten Eyck's deed, to its last link, Mrs. Livius' will; he argues, that in no event can the demandant show that seisin in herself which will oust the tenant. May not the demandant very well reply, how do you obtain your knowledge, and come to your conclusion upon my title? Is it upon evidence in the cause; or upon that which, at your instance, was rejected as evidence? If the latter; can it be used upon an exception to its rejection in a trial, upon a writ of error, sued out by the demandant to overrule that rejection; in order that it may be given as evidence in another trial in the court below, to show what will be the legal effect of that evidence upon the demandant's title? The object of the writ of error is to make these rejected papers evidence; and until they are so made, they cannot be used for any purpose. This Court cannot, nor can the court below judicially know what the legal effect of these papers will be upon the demandant's title, until they have been below as evidence; and the error in rejecting them arose from the court's not having discriminated at the moment between judicial evidence of a fact, and the knowledge which it personally had of that fact in the course of its administration of the law.

We purposely abstain from considering any other point in the argument of the counsel for the tenant; as we could not do so, without discussing the rights of the parties, which are not put, by any exceptions on this record, before this Court.

Mr. Justice THOMPSON did not sit in this case.