NEW YORK MERCHANDISE CO. *v.* UNITED STATES (No. 2653)[1]

1. RES ADJUDICATA SHOULD BE PLEADED.

The Board of United States General Appraisers is not required to take judicial notice of the records of former actions before it or other courts which might be, but are not, pleaded or offered as *res adjudicata.* The judgment of the board, predicated on another of its judgments, which was not pleaded and is not shown by the record, is reversed, and the cause remanded.

2. RES ADJUDICATA.

If a petition for remission of additional duty were abandoned as being too late under the rule and later refiled within the time allowed by an amendment of the rule, the judgment dismissing the first would be no bar to the second.

[1] T. D. 41371.

United States Court of Customs Appeals, February. 2, 1926

APPEAL from Board of United States General Appraisers, Abstract 49521

¹Reversed and remanded.]

*Sharretts, Coe & Hillis (Edward P. Sharretts* of counsel) for appellant.
*Charles D. Lawrence,* Assistant Attorney General (*Peter A. Abeles,* special attorney, of counsel), for the United States.

[Oral argument December 11, 1925, by Mr. Sharretts and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

BLAND, Judge, delivered the opinion of the court:

From a judgment by the Board of General Appraisers dismissing the petition for remission of additional duties under section 489 of the Tariff Act of 1922 appellant appeals.

No motion was made by the Government at the hearing on petition No. 2129–R for the dismissal of the same on the ground of *res adjudicata* upon another petition involving the same subject matter, nor was it shown by any pleading in the case or by any reference in the testimony or anywhere else in the record, except in the opinion of the board, and in a judgment order found with the papers, that there had been any other petition for remission in connection with this entry.

The ruling opinion of the board, by Judges McClelland and Sullivan from which Judge Brown dissents, is as follows:

This is a petition for remission of additional duties filed under section 489 of the Tariff Act of 1922 and board Rule XXXVI.

Neither from the statements of counsel nor from the testimony of the one witness testifying in support of the petition is it made to appear that a previous petition for the remission of the case additional duties had been filed and formally abandoned. After such abandonment the said petition was dismissed and judgment rendered in favor of the Government. No motion has ever been made to set aside that judgment and its validity and effectiveness is not overcome by the mere filing of a second petition.

This petition is dismissed.

The dissenting opinion is based upon the ground that a dismissal on abandonment would not amount to *res adjudicata* so as to bar the filing of another petition.

The evidence of petitioner was heard and the case evidently considered upon its merits until the opinion was written, when, obviously, the board discovered somewhere, not in the record, some kind of a judgment order, which is not set out in the record, nor identified in the opinion and which the majority of the board, evidently, regards as being a bar to the petition now under consideration. In this court Government counsel has called attention to a paper accompanying the entry papers, which is as follows:

JUDGMENT ORDER

At a term of Board 1 of United States General Appraisers, held in the city of New York on the 28th day of January, 1925

Present: General Appraisers McClelland, Sullivan, Brown.

In the matter of the petition of New York Merchandise Co., for remission of additional duties.    Petition No. 1999–R.

The above-entitled cause having regularly come on to be heard, and the board, in its decision dated the 28th day of January, 1925, having determined the law and facts in favor of the Government.

It is hereby ordered, adjudged, and decreed this 28th day of January, 1925, that the petition in this case be and the same is hereby dismissed.

[SEAL.]                                     CHAS. P. McCLELLAND,
                                                 *Chairman, Board 1.*
                              By D. P. DUTCHER, *Chief Clerk.*

It will be noticed that the above judgment order involves petition No. 1999–R, which purports to have been considered, on the 28th day of January, 1925, by the same board that considered the petition at hand.   It will further be noted that the judgment order recites that "The above-entitled cause having regularly come on to be heard, and the board, in its decision dated the 28th day of January, 1925, having determined *the law and facts in favor of the Government.*" The paper is a printed form and the word "Government" is written in by typewriter.   Just how this instrument happens to be with the papers is nowhere disclosed.   It is not listed with the return of the board.  In the return of the board is the following sentence: "The entry papers will be forwarded later."   The above-referred-to instrument was found among the entry papers and the other papers accompanying them.

No attempt is made to explain how the "cause" "regularly came on to be heard," if it had been dismissed on account of abandonment, nor is it suggested how the board "determined the law and *facts* in favor of the Government" under such circumstances.

In this court a number of questions were suggested as being involved in our review of the action of the board in dismissing petition No. 2129–R under consideration.   The questions as to whether petitioner actually had filed a former petition and abandoned it, and whether such abandonment, under the circumstances, would be a bar to the filing of another petition, in our judgment, are not before us. This court would be at a great disadvantage, under the present record, if it was called upon to determine these questions, for the reason that it is nowhere shown that the alleged petition in the former case involved the same subject matter, even though it might be involved in the same entry, as in the case at bar.   The petition and action thereon suggested as a bar are in no way identified.

The instrument above referred to and which we find with the papers discloses that the board's finding on the petition No. 1999–R was

on the 28th day of January, 1925. The contents of the alleged petition are not referred to anywhere, nor is the date of the filing of same stated. Prior to November 5, 1924, Rule XXXVI of practice and procedure before the Board of United States General Appraisers provided that the petition might be filed within 30 days from the date of final appraisement, but Rule XXXVI, as amended in T. D. 40464 on November 5, 1924, provided that the petition might be filed "at any time after final appraisement, but not later than 60 days after final liquidation." We will suppose that there was a petition No. 1999–R, identical with the one at bar, filed under the old rule, but which the petitioner later recognized was not filed in time. Let us further suppose that the new petition was filed after the amendment of the rule and within the time prescribed. As to the first petition, petitioner had no cause of action, according to the rule of the board and its application of same prior to amendment, but in accordance with the amended rule, under which the second petition might have been filed, petitioner would have had an action. Would it be contended that the abandonment of the first petition, which had no standing under the rule, would be a bar to the second petition? From the meager record it is not illogical to suspect that this exact situation may have obtained and only illustrates the inadequacy of the present record to properly raise, in this court, the questions suggested.

We do not believe it to be the duty of the Board of General Appraisers, on its own volition, to seek for records of its former actions or records of actions in other courts in order to determine whether an issue before it is *res adjudicata.*

We recognize, in many instances, in practice and procedure before the Board of General Appraisers that technical forms and practices are often properly waived or not required, as distinguished from other Federal jurisdictions where such forms and requirements are regarded as essential. We do not believe, however, that it is conducive to orderly procedure or to the fair and just settlement of controversies between litigants before the board to hold that the board is required to take judicial notice of the contents and effect of its records which might be, but are not, pleaded or offered as *res adjudicata.*

In *Bradstreet* v. *Thomas*, 12 Pet. 174, the Supreme Court, in passing upon this question said:

There is a safer repository of the adjudications of courts, than the remembrance of judges; and their declaration of them is no proof of their existence.

It is settled, we think, that a litigant who neither pleads, proves, nor points out the action of a court which is claimed to be *res adjudicata* of the issue involved can not effectively urge that his adversary's case has had prior adjudication. This statement of the law is especially applicable to appeals. *United States* v. *Bliss*, 172 U. S.

321; *Reed* v. *Proprietors of Locks*, 8 How. 274; *Bienville* v. *Mobile*, 186 U. S. 212.

The Government, in this case, before the board, made no claim of *res adjudicata*. This question, not having been at issue and not having been considered at the hearing, and the litigants not having had the opportunity of placing before the court their facts and legal contentions, it is manifestly unfair for the court to hold some former action to be a bar to the one before it.

It may be that the board's action in this matter on petition No. 1999–R is a bar to the present action, but the record in this case, even when supplemented by the statements in the board's decision, does not show facts from which this conclusion can be reached.

The judgment of the board dismissing the petition is reversed and the cause is remanded for further proceedings not inconsistent herewith.

*Reversed* and *remanded.*