UNITED STATES of America,
Appellee,

v.

Steve Lee HOWARD, Jr., Appellant.

No. 12379.

United States Court of Appeals
Fourth Circuit.

Argued Jan. 7, 1969.

Decided March 6, 1969.

Norris Dickson Lackey, Jr., Shelby, N. C. (court-appointed counsel), for appellant.

Wm. Medford, U. S. Atty., for appellee.

Before SOBELOFF, BRYAN and BUTZNER, Circuit Judges.

SOBELOFF, Circuit Judge:

This is a direct appeal by Steve Lee Howard from convictions entered upon his pleas of guilty to several charges of passing counterfeit bills.

The appellant contests the voluntariness of his pleas, asserting for the first time on this appeal that his plea was coerced by threats of Secret Service agents that unless he pleaded guilty his wife would be prosecuted with him for the offenses charged. He also contends that Rule 11 of the Federal Rules of Criminal Procedure [1] was not observed in that the District Judge failed to inquire sufficiently with regard to the voluntariness of the plea and failed to inform him of the possible penalties under the statute.

The Government's position on the claimed threat is that nothing in the present record either supports or contradicts the appellant's contention that his plea was improperly induced by a threat and that therefore the allegation must be disregarded on this appeal. Ordinarily, an appellate court will not consider matters not raised in the trial court, but in view of our conclusion that the District Judge failed to comply with Rule 11, we must remand for a hearing on voluntariness.[2] At that hearing, the truth or falsity of appellant's allegation that he was threatened should be determined.

We now turn to the claimed violation of Rule 11. The United States Attorney concedes that the District Judge did not specifically question the defendant as to whether his plea of guilty was influenced by any promise, threat, or other improper inducement, but argues that the District Judge's colloquy with Howard before accepting the plea constituted substantial compliance with Rule 11.[3]

1. Rule 11 provides:
   A defendant may plead not guilty, guilty, or, with the consent of the court, *nolo contendere*. The court may refuse to accept a plea of guilty, and shall not accept such plea or a plea of *nolo contendere* without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. If a defendant refuses to plead or if the court refuses to accept a plea of guilty or if a defendant corporation fails to appear, the court shall enter a plea of not guilty. The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea.

2. The appellant urges outright reversal of the conviction because of the District Judge's non-compliance with Rule 11. We must decline his request, for we have repeatedly held that deficiencies in the determination of understanding and voluntariness at the time the plea is offered do not require that a conviction be set aside if a hearing on voluntariness discloses that the plea was in fact freely, understandingly, and voluntarily made. Brokaw v. United States, 368 F.2d 508 (4 Cir. 1966), *cert. denied*, 386 U.S. 996, 87 S.Ct. 1316, 18 L.Ed.2d 344 (1967) and cases cited therein.

3. The record shows the following interchange between Howard and the District Judge just before the plea was accepted:
   THE COURT: Mr. Howard, it would be necessary for me to interrogate you to the extent I learn whether or not this plea of guilty interposed by you on your arraignment is a proper plea and one you voluntarily made.
   THE DEFENDANT HOWARD: Yes, your Honor.
   THE COURT: You understand when one is charged with crime in the United States District Court that he can be charged under any offense and that there are three pleas which can be made, the other is a plea of not guilty and the other is a plea of guilty, and the other is a plea of a nolo contendere which, for your information, is largely if not wholly the same as a plea of guilty. A plea of guilty is in its meaning that that plea is your answer to

■ We do not agree. Rule 11 requires a district judge to address the defendant personally and determine that "the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea." Plainly, this language places an exacting duty on the district judge and we think that justice will be best served by a broad interpretation of the Rule's mandate. ⸱ Before accepting the plea the judge must satisfy himself that it is in fact voluntarily and understandingly made, and ordinarily this entails a searching inquiry into the defendant's motivation in entering the plea. We are in agreement with the Second Circuit's formulation of a district judge's duty under Rule 11. In United States v. Lester, 247 F.2d 496, 500 (2 Cir. 1957), that court, speaking through Judge Waterman, stated:

> It is the duty of a federal judge before accepting a plea of guilty to thoroughly investigate the circumstances under which it is made. (Citations omitted.)

Even when the defendant is represented by counsel it has been held that the mere statement of the accused that he understands the charge against him does not relieve the court of the responsibility of further inquiry. * * * Such a determination may be made only by a penetrating and comprehensive examination of all the circumstances under which the plea is made.

■ The brief questioning of the defendant in this case was clearly insufficient to satisfy the required standard. Prior to accepting the pleas, the court did no more than define the different pleas which might be entered and ask the defendant "Am I correct then in assuming you are making this plea voluntarily?" No attempt was made to determine if the defendant understood the charges against him or the possible sentence which might be imposed.[4] Nor did the District Judge specifically inquire to ascertain whether the pleas were influenced by an improper promise or

the charge knowing it to be true. Am I correct then in assuming you are making this plea voluntarily?

THE DEFENDANT HOWARD: Yes sir.

THE COURT: And you would have me accept it as being a voluntary plea on your part?

THE DEFENDANT HOWARD: Yes sir.

4. Nor did the District Judge himself advise Howard of the maximum statutory penalties. We think it the better practice for the District Judge to perform this function, rather than the Assistant United States Attorney or someone else. The Rule contemplates that the judge shall inform the defendant of the possible consequences of the plea. Something spoken by the defendant's adversary, even in the judge's presence, cannot substitute for a direct statement from the impartial authoritative source.

We note that the American Bar Association's Project on Minimum Standards for Criminal Justice in its Report on Standards Relating to Pleas of Guilty, § 1.4, provides that the trial judge shall address the defendant personally and inform him of the maximum possible sentence on the charge. The full text of the section is as follows:

1.4 Defendant to be advised by court.

The court should not accept a plea of guilty or nolo contendere from a defendant without first addressing the defendant personally and

(a) determining that he understands the nature of the charge;

(b) informing him that by his plea of guilty or nolo contendere he waives his right to trial by jury; and

(c) informing him:

(i) of the maximum possible sentence on the charge, including that possible from consecutive sentences;

(ii) of the mandatory minimum sentence, if any, on the charge; and

(iii) when the offense charged is one for which a different or additional punishment is authorized by reason of the fact that the defendant has previously been convicted of an offense, that this fact may be established after his plea in the present action if he has been previously convicted, thereby subjecting him to such different or additional punishment.

threat.[5] Merely eliciting an affirmative answer to a question couched in conclusory terms, without more, is not enough. Short cuts breed further litigation.[6]

Insistence upon thorough inquiry as to voluntariness before acceptance of a guilty plea is not an empty ritual; it goes to the heart of the proceeding and the Rule demands genuine and not perfunctory observance. Indeed, in 1966 the cautionary sentence was added to the Rule: "The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea."

 In accordance with the views expressed herein, the case will be remanded for a hearing to determine the truth of the allegation that the guilty plea was induced by threats of the Secret Service agents to prosecute the defendant's wife if he did not plead guilty, or by other improper pressures or influences; and the court should satisfy itself, as prescribed by Rule 11, that the plea was "made voluntarily with understanding of the nature of the charge and the consequences of the plea." [7]

Remanded.

---

5. The suggested American Bar Association Standards include the following clarifying recommendations:

   > The court should not accept a plea of guilty or nolo contendere without first determining that the plea is voluntary. By inquiry of the prosecuting attorney and defense counsel, the court should determine whether the tendered plea is the result of prior plea discussions and a plea agreement, and, if it is, what agreement has been reached. If the prosecuting attorney has agreed to seek charge or sentence concessions which must be approved by the court, the court must advise the defendant personally that the recommendations of the prosecuting attorney are not binding on the court. *The court should then address the defendant personally and determine whether any other promises or any force or threats were used to obtain the plea.* (Emphasis added.)

6. In this regard, a statement by this court in Gundlach v. United States, 262 F.2d 72, 76 (4 Cir. 1958), cert. denied, 360 U.S. 904, 79 S.Ct. 1283, 3 L.Ed.2d 1255, bears repeating. We said:

   > These rules [Rules 10 and 11] are designed not only to safeguard important rights of defendants, but their observance serves also to protect proper administration of the criminal law. When the trial judge fully complies with these rules and is careful to have the record plainly show that this has been done, it may go far to foreclose irresponsible challenges in the future and the necessity for a hearing under Section 2255 at a time when the facts surrounding the arraignment, plea and sentence may not be as fresh and readily available as they were in this instance.

   This language was specifically approved by the Ninth Circuit, speaking through Judge Browning, in Kadwell v. United States, 315 F.2d 667, 669 n.6 (1963). See also Townes v. United States, 371 F.2d 930 (4 Cir. 1966).

7. Howard also entered guilty pleas under Rule 20 to similar offenses pending against him in South Carolina, and the District Court accepted the pleas.

   For the reasons stated in regard to the pleas to the North Carolina offenses, we find that there has been noncompliance with Rule 11 as to these pleas as well. Accordingly their voluntariness should also be determined on remand.