**UNITED STATES of America, Appellee,**

v.

**Bobby Lee HEDGECOE, Appellant.**

**No. 13514.**

United States Court of Appeals Fourth Circuit.

Argued Nov. 5, 1969.

Decided Jan. 26, 1970.

O. Wilson Clayton, Charlotte, N. C., Court-appointed counsel (Clayton, Lane

& Helms, Charlotte, N. C., on brief), for appellant.

Joseph R. Cruciani, Asst. U. S. Atty. (Keith S. Snyder, U. S. Atty., on brief), for appellee.

Before WINTER and CRAVEN, Circuit Judges, and WIDENER, District Judge.

WINTER, Circuit Judge:

 The defendant pleaded guilty to two violations of 18 U.S.C.A. § 922(a)(6) under which it is unlawful "knowingly to make any false * * * written statement * * * intended * * * to deceive" a dealer in the purchase of a firearm.[1] He now appeals, asserting that Rule 11, F.R.Crim.P., was not observed in the taking of his plea. Since defendant was arraigned after the decision in McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), there is no question that its holdings construing Rule 11 are fully applicable to him. Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969); Lord v. United States, 412 F.2d 499, 505 n. 3 (4 Cir. 1969). We agree that the arraignment did not comply with Rule 11. We reverse the judgment on the convictions and remand for further proceedings.

The indictment and the evidence presented at the arraignment indicate that on February 11, 1969, the defendant purchased guns at two stores in Charlotte, North Carolina. On each occasion he signed an Internal Revenue Service Form 4473 as required under the Omnibus Crime Control and Safe Streets Act of 1968, § 902, 18 U.S.C.A.

§§ 922(h), 923(g) (1969), as amended by the Gun Control Act of 1968, § 102, 18 U.S.C.A. §§ 922(h), 923(g) (1969). Defendant's signature on these forms purported to certify that he was not prohibited by federal law from purchasing the guns. In fact, however, 18 U.S.C.A. § 922(h) barred him from making the purchase because he had previously been convicted of a felony.

At his arraignment, the defendant waived the assistance of counsel and tendered a guilty plea to both counts. However, in colloquy with the district judge, defendant twice stated that he had signed the form without reading the small print[2] and that he did not know that he was prohibited by federal law from purchasing the guns. The government offered no evidence and suggested none which contradicted these exculpatory statements. But the district judge, without any inquiry into the matter, nevertheless found that the defendant offered his plea with an "understanding of the nature of the charge" and that there was "a factual basis for the plea." He, therefore, accepted the pleas and imposed sentence.

In pertinent part Rule 11 specifies that:

"The court * * * shall not accept * * * [a guilty] plea * * * without first * * * determining that the plea is made * * * *with understanding of the nature of the charge* * * *. The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is *a factual basis for the plea.*" (emphasis added.)

---

1. The word "knowingly" in § 922(a)(6) incorporates scienter as an asserted element of the offense.

2. Form 4473 is not expertly drawn. The print located above the space in which the purchaser signs his name does not specify the various grounds of disqualification which are set out in the Act. Instead, there is only the general legend:

"I certify that I am not prohibited by the provisions of * * * the Omnibus Crime Control and Safe Streets Act of 1968 * * * from receiving a firearm in interstate or foreign commerce."

The only notice of the specific disqualification which applied to defendant is found at the bottom of the form below a space in which he was not required to sign his name. It is, therefore, not unlikely that the form itself did not actually alert defendant that his purchase was prohibited.

In *McCarthy* the Supreme Court concluded that this rule was intended to fulfill two purposes:

"First * * * to assist the district judge in making the constitutionally required determination that a defendant's guilty plea is truly voluntary. Second * * * to produce a complete record at the time the plea is entered of the factors relevant to this voluntariness determination. Thus, the more meticulously the Rule is adhered to, the more it tends to discourage, or at least to enable more expeditious disposition of, the numerous and often frivolous post-conviction attacks on the constitutional validity of guilty pleas." [3] (footnotes eliminated.)

394 U.S. at 465, 89 S.Ct. at 1170. These purposes were said to have their genesis in the nature of a guilty plea. Since the plea constitutes a waiver of at least the constitutional rights against compulsory self-incrimination, the right of trial by jury and the right of confrontation and, since waiver under federal law is the intentional relinquishment of a known right, the Court concluded that the plea "cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts." (footnote eliminated) 394 U.S. at 466, 89 S. Ct. at 1171. In amplification of this conclusion, the Court stated:

"Thus, in addition to directing the judge to inquire into the defendant's understanding of the nature of the charge and the consequences of his plea, Rule 11 also requires the judge to satisfy himself that *there is a factual basis for the plea*. The judge must determine 'that the conduct which the defendant admits constitutes the offense charged in the indictment or information or an offense included therein to which the defendant has pleaded guilty.' *Requiring this examination of the relation between the law and the acts the defendant admits having committed is designed to 'protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge.'*" (emphasis supplied.) (Footnotes to Note of Advisory Committee on Criminal Rules omitted.)

394 U.S. at 467, 89 S.Ct. at 1171. Here, defendant twice asserted that he did not know that his purchase of firearms was prohibited by federal law. There was no other evidence to indicate that defendant acted with the requisite knowledge. In a determination of the voluntariness of his plea, his statement must be accepted as true, where, as here, it was neither contradicted nor inherently incredible. Manifestly, if he did not know of his disqualification, he acted without the required scienter in certifying that he was qualified. He could not have known that his certification that he was not prohibited from receiving a firearm was false if he did not know that the law prohibited him from acquiring a firearm. Since there was thus lacking a factual basis on which it could be concluded that defendant was guilty in fact, it follows from *McCarthy* that defendant's pleas were not voluntary and should be stricken.

---

**3.** In our Pre-*McCarthy* decisions we have been assiduous in seeking to fulfill these purposes. For example, in United States v. Howard, 407 F.2d 1102, 1104 (4 Cir. 1969), we held that "the mere statement of the accused that he understands the charge against him does not relieve the court of the responsibility of further inquiry." There we called for "a penetrating and comprehensive examination" of the matter. In Brokaw v. United States, 368 F.2d 508, 510 (4 Cir. 1966), this Court suggested that the matter be "fully explored" in a "full, searching inquiry." In Aiken v. United States, 296 F.2d 604, 607 (4 Cir. 1961), this Court suggested that "[a]t a minimum" the judge should explain the charges. And in Gundlach v. United States, 262 F.2d 72, 76 (4 Cir. 1958), this Court called for "an alert and adequate inquiry."

The district judge shall strike the pleas, and the convictions and sentences entered thereon. Defendant may thereafter be rearraigned and further proceedings had, depending upon how he may plead.

Reversed and remanded.