James CODY, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 71–1357.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 22, 1971.

Decided May 10, 1972.

Joseph Langworthy, Pacific, Mo., for appellant.

Peter A. Chapin, Atty., Dept. of Justice, Appellate Section, Crim. Div., Washington, D.C., for appellee.

Before GIBSON, BRIGHT and ROSS, Circuit Judges.

BRIGHT, Circuit Judge.

A jury convicted[1] James Cody of making false statements to a licensed firearms dealer in connection with the purchase of a firearm in violation of 18 U.S.C. § 922(a) (6). He appeals, leveling several constitutional attacks upon § 922(a) (6), challenging the trial court's instructions, and contesting the sufficiency of the evidence to support his conviction. We affirm.

On January 10, 1970, Cody purchased a 30 caliber carbine from a St. Louis, Missouri, retail store, which was licensed to deal in firearms under the provisions of 18 U.S.C. § 923. In his trial testimony, Cody admitted that he purchased the rifle and that he signed the form required for such transactions, but he denied any knowledge of the contents of the form. The proprietor of the store contradicted Cody on the last point, stating that he told Cody to read the form before signing it and that Cody did so.

The form which Cody signed contained the following certification statement:

> I certify that * * * I [have not] been convicted of a crime punishable by imprisonment for a term exceeding one year * * *.

At trial, counsel stipulated that Cody had been convicted in 1964 of a felony punishable by five years imprisonment.

---

1. Previously, Cody was convicted of the same charge on his plea of guilty. A panel of this court reversed the conviction, holding that the trial court judge had failed to comply with Rule 11, Fed. R.Crim.P., in accepting the guilty plea. United States v. Cody, 438 F.2d 287 (8th Cir. 1971).

For signing this form, Cody was convicted of violating 18 U.S.C. § 922(a) (6). That section provides in pertinent part:

> [It shall be unlawful] for any person in connection with the acquisition or attempted acquisition of any firearm * * * from a * * * licensed dealer * * * knowingly to make any false * * * statement * * * intended or likely to deceive such * * dealer * * * with respect to any fact material to the lawfulness of the sale * * *.

### I.

We consider first the constitutional arguments advanced by Cody.[2] He contends: 1) that § 922(a) (6) exceeds the limits of congressional power under the Commerce Clause; 2) that the statute violates his Second Amendment right to bear arms; and, 3) that the statute is invalid as a bill of attainder and as an ex post facto law.[3]

### COMMERCE CLAUSE

Appellant argues that § 922(a) (6) exceeds the limits of congressional power under the Commerce Clause because the statute reaches purely intrastate firearms transactions. *See* S.Rep.No.1097, 90th Cong., 2nd Sess.

(1968); H.R.Rep.No.1577, 90th Cong., 2nd Sess. (1968); Hearings on H.R. 5037, H.R. 5038, H.R. 5384, H.R. 5385, and H.R. 5386, Before Subcomm. No. 5 of the House Comm. on the Judiciary, 90th Cong., 1st Sess., ser. 3 (1967). We disagree. The First Circuit has rejected a similar challenge to the statute in United States v. Crandall, 453 F.2d 1216 (1st Cir. 1972), and we find Judge Aldrich's reasoning to be persuasive:

> [The] section regulates transactions with licensed dealers, whose general involvement with interstate commerce is ample to justify federal regulation of even their intrastate sales. [453 F.2d at 1217]

*See* Katzenbach v. McClung, 379 U.S. 294, 301–305, 85 S.Ct. 377, 13 L.Ed.2d 290 (1964); United States v. Lamear, 417 F.2d 626 (8th Cir. 1969), cert. denied sub nom., McEntire v. United States, 397 U.S. 967, 90 S.Ct. 1004, 25 L.Ed.2d 259 (1970); United States v. Funk, 412 F.2d 452, 453 (8th Cir. 1969); White v. United States, 399 F.2d 813, 822–825 (8th Cir. 1968).

### SECOND AMENDMENT

We find no merit in the contention that § 922(a) (6) violates appellant's Second Amendment right to bear arms. Since United States v. Miller, 307

---

2. Relying upon United States v. Knox, 396 U.S. 77, 90 S.Ct. 363, 24 L.Ed.2d 275 (1969); Bryson v. United States, 396 U.S. 64, 90 S.Ct. 355, 24 L.Ed.2d 264 (1969); and Dennis v. United States, 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1966), the government invites us to affirm Cody's conviction without considering his constitutional challenges to the statute under the principle that:

> [O]ne who furnishes false information to the Government in feigned compliance with a statutory requirement cannot defend against prosecution for his fraud by challenging the validity of the requirement itself. [United States v. Knox, *supra*, 396 U.S. at 79, 90 S.Ct. at 365.]

We find no constitutional infirmity in § 922(a) (6). We do not consider, therefore, whether appellant's conviction could be sustained under the *Knox, Bryson, Dennis* principle.

3. Cody raises two additional constitutional claims which merit only brief discussion. His first contention is that the "felon" classification of § 922(a) (6) violates equal protection because it makes no distinction between felons convicted of violent crimes and felons convicted of nonviolent crimes. Our discussion in United States v. Synnes, 438 F.2d 764, 771–772 (8th Cir. 1971), vacated on other grounds, 404 U.S. 1009, 92 S.Ct. 687, 30 L.Ed.2d 657 (1972), adequately disposes of this argument.

Cody also argues that § 922(a) (6) discriminates against him because of the operation of Mo.Ann.Stat. § 216.355, subd. 2, V.A.M.S. This argument lacks merit. Although the cited Missouri statute does restore the rights of citizenship to Missouri felons, the statute has no effect upon the validity of a felony conviction.

U.S. 174, 59 S.Ct. 816, 83 L.Ed. 1206 (1939), it has been settled that the Second Amendment is not an absolute bar to congressional regulation of the use or possession of firearms. The Second Amendment's guarantee extends only to use or possession which "has some reasonable relationship to the preservation or efficiency of a well regulated militia." *Id.* at 178, 59 S.Ct. at 818. *See* United States v. Synnes, 438 F.2d 764, 772 (8th Cir. 1971), vacated on other grounds, 404 U.S. 1009, 92 S.Ct. 687, 30 L.Ed.2d 657 (1972); Cases v. United States, 131 F.2d 916, 922 (1st Cir. 1942), cert. denied sub nom., Cases Valazquez v. United States, 319 U.S. 770, 63 S.Ct. 1431, 87 L.Ed. 1718 (1943). We find no evidence that the prohibition of § 922(a) (6) obstructs the maintenance of a well regulated militia.

## BILL OF ATTAINDER AND ·EX POST FACTO LAW

■ Relying primarily upon United States v. Brown, 381 U.S. 437, 85 S.Ct. 1707, 14 L.Ed.2d 484 (1965), appellant contends that § 922(a) (6) is a bill of attainder under Art. I, § 9, of the Constitution. We disagree. We find no suggestion in the *Brown* opinion that the Court intended to overturn the long-standing principle that a legislature, in exercising its rule-making powers, may disqualify convicted felons from pursuing activities open to others without running afoul of the bill of attainder clause. *See* De Veau v. Braisted, 363 U.S. 144, 160, 80 S.Ct. 1146, 4 L.Ed.2d 1109 (1960); Trop v. Dulles, 356 U.S. 86, 95–97, 78 S.Ct. 590, 2 L. Ed.2d 630 (1958). In *De Veau, supra,* Justice Frankfurter said:

The distinguishing feature of a bill of attainder is the substitution of a legislative for a judicial determination of guilt. * * * Clearly, [the challenged statute] embodies no further implications of appellant's guilt than are contained in his [prior] judicial· conviction; and so it manifestly is not

a bill of attainder. [363 U.S. at 160, 80 S.Ct. at 1155]

This principle answers appellant's argument that § 922(a) (6) is a bill of attainder.

■ Appellant also challenges § 922(a) (6) as an ex post facto law. We reject this argument.

The mark of an *ex post facto* law is the imposition of what can fairly be designated punishment for past acts. The question in each case where unpleasant consequences are brought to bear upon an individual for prior conduct, is whether the legislative aim was to punish that individual for past activity, or whether the restriction of the individual comes about as a relevant incident to a regulation of a present situation, such as the proper qualifications for a profession. [De Veau v. Braisted, 363 U.S. 144, 169, 80 S.Ct. 1146, 1155, 4 L.Ed.2d 1109 (1960)]

Appellant's argument fails because there is no indication that Congress intended § 922(a) (6) to be a punitive, rather than a regulatory, measure. See Hawker v. New York, 170 U.S. 189, 191–194, 18 S.Ct. 573, 42 L.Ed. 1002 (1898); Cases v. United States, 131 F.2d 916, 921 (1st Cir. 1942), cert. denied sub nom., Cases Valazquez v. United States, 319 U.S. 770, 63 S.Ct. 1431, 87 L.Ed. 1718 (1943).

### II.

■ At appellant's trial, the court gave the following instruction on intent:

It is not necessary for the prosecution to prove that the defendant knew that a particular act or failure to act is a violation of law. Unless and until outweighed by evidence in the case to the contrary, the presumption is that every person knows what the law forbids and what the law requires to be done. [Tr. 312]

Appellant asserts that the court erred in charging the jury that the government was not required to prove that appellant

knew that his conduct violated the law.[4] We find no error. Section 922(a) (6) does not require a showing that appellant "knowingly" violated the law; it simply requires proof that appellant "knowingly" made a false statement. The crucial question for the jury was whether appellant understood the facts, not the law. *See generally,* United States v. International Minerals & Chemical Corp., 402 U.S. 558, 91 S.Ct. 1697, 29 L.Ed.2d 178 (1971). Accordingly, the trial court properly instructed the jury that appellant's ignorance of the law was not an excuse to the charge.

Appellant also challenges the trial court's instruction defining the elements of a § 922(a) (6) violation. On review, we find no error.

### III.

 Appellant's final contention is that the evidence presented was insufficient to support his conviction. Specifically, he complains that the government failed to present competent evidence establishing that the retail store from which he purchased the firearm was licensed under the provisions of 18 U.S.C. § 923. At trial, a supervisor of the Treasury Department's Firearms Section testified that the store was licensed at the time appellant purchased the firearm. Records of the Firearms Section were introduced to support this testimony. The proprietor of the store also testified that the store was licensed. Nevertheless, appellant contends that this evidence was incompetent under the best evidence rule. We cannot accept appellant's argument that the government was required to produce the license which was issued to the store in order to prove that the store was licensed. Since the government was not seeking to establish the terms of that document, no useful purpose would have been served by requiring its production. *See* 4 J. Wigmore, Evidence §§ 1191, 1252 (1940) ; *cf.* United States v. Hamilton, 452 F.2d 472, 478–479 (8th Cir. 1971) ; Kane v. United States, 431 F.2d 172, 175–176 (8th Cir. 1970).

The judgment of conviction is affirmed.

---

4. This case is clearly distinguishable from the decisions in United States v. Squires, 440 F.2d 859 (2d Cir. 1971), and United States v. Hedgecoe, 420 F.2d 458 (4th Cir. 1970). In those cases, the certification statement which the defendants signed provided:

> I certify that I am not prohibited by the provisions of * * * the Omnibus Crime Control and Safe Streets Act of

1968 from receiving a firearm in interstate or foreign commerce.

Since § 922(a) (6) requires proof that the defendant "knowingly" made a false statement, the wording of this certification statement presented the troublesome question whether the defendant understood the prohibitions of the Omnibus Crime Control and Safe Streets Act of 1968. The revised certification statement which appellant signed avoids this problem.