**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Homer Dias GARCIA, Defendant-
Appellant.**

**No. 73-1231**

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

May 31, 1973.

York, et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Clyde W. Woody, Houston, Tex., for defendant-appellant.

William S. Session, U. S. Atty., James E. Bock, Asst. U. S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before BELL, GODBOLD and INGRAHAM, Circuit Judges.

**PER CURIAM:**

Appellant was convicted of violation of 18 U.S.C. § 922(a)[1] for making, in connection with the purchase of two rifles, a false statement that he had not been convicted of a crime punishable by a term exceeding one year. We affirm.

Appellant contends that the government failed to prove that he *knowingly* made a false statement. Joseph McBride, the person with whom appellant dealt in the gun shop, testified that he read to appellant paragraph 8(b) of Form 4473, Firearms Transactions Record (Department of the Treasury, Revised June 1970). Paragraph 8 of the form appears in the margin.[2] Appellant answered "No" to question 8(b). McBride then asked appellant to read the statement himself and sign it. Appellant signed the form.

Appellant admitted signing the form and acknowledged that McBride read to him the questions under paragraph 8. But he testified that he thought 8(b) meant whether he "had been in prison in over a year." He admitted to having

1. "§ 922.  Unlawful acts.
   (a) It shall be unlawful—
   \* \* \* \* \*
   (6) for any person in connection with the acquisition or attempted acquisition of any firearm \* \* \* from a licensed \* \* \* dealer, knowingly to make any false or fictitious oral or written statement or to furnish or exhibit any false, fictitious, or misrepresented identification, intended or likely to deceive such \* \* \* dealer, \* \* \* with respect to any fact material to the lawfulness of the sale or other disposition of such firearm \* \* \* under the provisions of this chapter."

2. "8.  Certification of Transferee (Buyer) —an untruthful answer may subject you to criminal prosecution.  Each question must be answered with a yes or no.
   a. Are you under indictment in any court for a crime punishable by imprisonment for a term exceeding one year?—
   b. Have you been convicted in any court of a crime punishable by imprisonment for a term exceeding one year? (Note: The actual sentence given by the judge does not matter—a yes answer is necessary if the judge could

have given a sentence of more than one year).—
   c. Are you a fugitive from justice?—
   d. Are you an unlawful user of, or addicted to, marihuana or a depressant, stimulant, or narcotic drug?—
   e. Have you been adjudicated mentally defective or have you ever been committed to a mental institution?—
   f. Have you been discharged from the Armed Forces under dishonorable conditions?—
   g. Are you an alien illegally in the United States?—
   h. Are you a person who, having been a citizen of the United States, has renounced his citizenship?—
   "I hereby certify that the answers to the above are true and correct.  I understand that a person who answers any of the above questions in the affirmative is prohibited by Federal law from purchasing and/or possessing a firearm.  I also understand that the making of any false oral or written statement or the exhibiting of any false or misrepresented identification with respect to this transaction is a crime punishable as a felony."

been in prison but stated he did not know that this disqualified him from making the firearms purchases.[3]

Earlier cases recognized the difficulties of proving that a false statement had been "knowingly" made in the purchase of a firearm, where the purchaser had signed the original version of Form 4473.[4] That version provided for the buyer's signature in a space on the top half of a form, directly under a certification that the signatory was not prohibited from receiving a firearm, but the persons prohibited were only listed at the bottom of the form. The first revision of Form 4473 placed the space for signature directly under a list of persons prohibited from receiving firearms. The second revision included an additional requirement that the buyer give a "yes" or "no" answer for each separate inquiry concerning each class of prohibited persons. It was this second revised form which was read to appellant and which he signed. Later cases have recognized that the revised forms eliminate much of the difficulty.[5]

Proof of knowingly making a false statement is necessarily circumstantial in the great majority of cases. In this case the trier of fact, presented with the evidence we have described, could conclude beyond reasonable doubt that appellant's statements were knowingly false although he testified that he only misunderstood.

Appellants' other claims—that the status of the gun shop as a licensed dealer was not properly proved,[6] and that the record of his prior conviction was not properly authenticated—are wholly lacking in merit.

Affirmed.

---

3. Also appellant gave a "No" answer to question 8(a), which was false because he was then under indictment for possession of marijuana, but the giving of this statement was not charged as an offense. His explanation for answer 8(a) was that he did not understand the question.

4. U. S. v. Squires, 440 F.2d 859 (CA2, 1971) ; U. S. v. Hedgecoe, 420 F.2d 458 (CA4, 1970). *Hedgecoe* held involuntary a plea of guilty for failure of the court to satisfy itself that there was a factual basis for the plea. Defendant had signed the original version of Form 4473, the government offered no evidence other than the form, defendant twice told the judge he did not know the purchase was pro-

hibited by law, the government offered nothing to contradict defendant's statements. As the court noted, defendant's testimony, under the circumstances including the physical structure of the form, was not "inherently incredible."

5. E. g., Cody v. U. S., 460 F.2d 34 (CA8, 1972). See also, U. S. v. Squires, 440 F. 2d 859 (CA2, 1971), at 865 and fn. 10 at 864.

6. See Cody v. U. S., *supra.*

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, et al., 5 Cir. 1970, 431 F.2d 409, Part I.