UNITED STATES of America,
Appellee,

v.

Robert JONES, Jr., Defendant-
Appellant.

No. 994, Docket 73–1285.

United States Court of Appeals,
Second Circuit.

Argued June 21, 1973.

Decided July 3, 1973.

Stuart R. Shaw, New York City (Leavy, Shaw & Horne, New York City, on the brief), for defendant-appellant.

Jeffrey Harris, Asst. U. S. Atty. (Paul J. Curran, U. S. Atty., for the S. D. N. Y., John W. Nields, Jr., Asst. U. S. Atty., on the brief), for appellee.

Before FRIENDLY, FEINBERG and MANSFIELD, Circuit Judges.

FEINBERG, Circuit Judge:

Robert Jones, Jr., appeals from a judgment of conviction in the United States District Court for the Southern District of New York after a trial before Marvin E. Frankel, J., and a jury, on a charge of violating 18 U.S.C. § 922(a)(3) by transporting into New York, his state of residence, two firearms obtained outside the state. Although the applicable penalty section [1] authorizes a fine of $5,000 and imprisonment for five years, Judge Frankel took into account Jones's youth, his lack of prior criminal record and his military service, and treated Jones as a young adult offender,[2] suspending impo-

1. 18 U.S.C. § 924(a).

2. See 18 U.S.C. §§ 4209, 5010(a).

**654**

sition of sentence and placing him on probation for three years. Jones argues on appeal principally that he could not have been guilty as charged because he was not a resident of New York when he brought the guns into the state, that the form he signed when he purchased the guns forced him to incriminate himself and that the statute he allegedly violated was not intended to, and could not constitutionally, apply to him.

■ We turn first to the argument regarding place of residence. The statute makes it unlawful, with exceptions irrelevant here, for a person "to transport into . . . the State where he resides . . . any firearm purchased . . . outside that State, . . . ." The following facts are not in dispute: When Jones was discharged from the Army in April 1971 on the West Coast, he went to his uncle's home in Bessemer, Alabama. On May 20, he bought two revolvers in a pawn shop in Alabama and filled out a Form 4473, Firearms Transaction Record, as required by law. Shortly thereafter, he received a telephone call from his mother asking him to come to New York City to help support his family. Within a few days, Jones gathered his possessions, including the guns, boarded a bus, and went to New York. Jones maintains that he was a resident of Alabama when he transported the guns into New York and that any contrary finding was clearly erroneous or the result of improper instructions to the jury. However, Jones was a resident of New York when he went into service in May 1969, and there was testimony that he had characterized the trip to Alabama after his Army discharge as "a visit to his uncle." From this, the jury could have found that Jones never became a resident of Alabama and, while there, was still a resident of New York. Moreover,

the instructions to the jury, fairly read in light of the argument of counsel, properly framed the central issue as whether Jones had ever become a resident of Alabama, and there were no objections to the charge.[3] The jury obviously answered that question in the negative.

■ Appellant's other arguments do not require extended discussion. Jones claims that he was "forced . . . to incriminate himself" by signing Form 4473, but he does not tell us why this is so. See generally Desimone v. United States, 423 F.2d 576 (2d Cir.), cert. denied, 400 U.S. 842, 91 S.Ct. 84, 27 L.Ed.2d 77 (1970). Relying on United States v. Hedgecoe, 420 F.2d 458 (4th Cir. 1970), Jones also contends that his conviction must be set aside because the form did not give him adequate notice of the offense with which he was later charged. But *Hedgecoe* merely allowed a defendant to withdraw a plea of guilty to a charge of knowingly deceiving a gun dealer by signing a Form 4473 with a false statement on it, 18 U.S.C. § 922(a)(6), because defendant allegedly had not known what he was signing. There is no comparable element of scienter required under 18 U.S.C. § 922(a)(3), the applicable statute here.[4] See, e. g., United States v. Ruisi, 460 F.2d 153, 156 (2d Cir.), cert. denied, 409 U.S. 914, 93 S.Ct. 234, 34 L.Ed.2d 176 (1972). Similarly, the claim that this section did not, and could not, apply to appellant because he had always been a law-abiding citizen is close to frivolous. It is true that the Omnibus Crime Control and Safe Streets Act of 1968, Pub.L.No.90–351, 82 Stat. 197, of which section 922(a)(3) is a part, contains a congressional declaration of purpose not to place "undue . . . Federal restrictions . . . on law-abiding citizens with respect to" various lawful uses

3. There is no need, therefore, to consider the more intricate question whether Jones could have violated the statute had he become a resident of Alabama, on the theory that after his mother's call he decided to transfer his residence to New York.

4. It is also worth noting that government witnesses testified that Jones had told them he realized that his purchase or possession of the guns had been illegal.

of firearms, 82 Stat. 197, 226. However, the Act carries out that legislative purpose principally by permitting intrastate sale of firearms subject only to certain limited exceptions for specified categories of buyers and weapons, 18 U.S.C. §§ 922(b)(1)–(4), (c), and by permitting interstate shipment of firearms between licensed dealers, importers and manufacturers, 18 U.S.C. § 922(a). Moreover, Jones fails to identify any provision that could be interpreted as excepting him from the general restrictions imposed by the Act. Appellant's remaining claims do not require discussion.

Judgment affirmed.