UNITED STATES of America,
Complainant,

v.

THREE WINCHESTER 30–30 CALIBER LEVER ACTION CARBINES, MODEL 94, S/NOS. 1497294, 1933868, AND 2555219, and Edgar Allen Tucker, Defendants.

No. 70–C–690.

United States District Court, E. D. Wisconsin.

Aug. 21, 1973.

David J. Cannon, U. S. Atty. by Steven C. Underwood, Milwaukee, Wis., for complainant.

John Udovc, Milwaukee, Wis., for defendants.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

The government brought this action in accordance with 26 U.S.C. § 7401 to have three Winchester rifles condemned and ordered forfeited. The owner of the rifles, Edgar Allen Tucker, intervened and answered, contesting the government's right to a forfeiture. The matter was scheduled for trial; however, the parties stipulated to all essential facts and submitted briefs on the legal issues involved. The action is now ready for resolution.

Mr. Tucker is a member of the Menominee Indian Tribe. The subject guns were manufactured in Connecticut and purchased by Mr. Tucker in Milwaukee for hunting in Menominee County, a former Menominee Indian reservation. 18 U.S.C. App. § 1202(a) prohibits Mr. Tucker's possession of such firearms in that he was convicted of a felony in a state court in 1954. Therefore, the rifles were seized pursuant to 18 U.S.C. § 924(d), and this action was begun.

Mr. Tucker does not deny that he is a convicted felon within the statute's literal proscription. He contends, however, that § 1202(a) is unconstitutional on several grounds. His first argument is related to his status as a Menominee Indian; his others are directed at the statute itself.

The Menominee Termination Act of 1954, 68 Stat. 250, as amended, 25 U.S.C. §§ 891–902, removed the Menominee reservation from federal control. As a result of the act, the reservation ultimately became a Wisconsin county, and the state acquired general jurisdiction over the area. Congress also passed Public Law 280, 67 Stat. 588, as amended, 18 U.S.C. § 1162, which was applicable in several states and generally granted state jurisdiction over Indians and Indian lands within those states, including Wisconsin.

Public Law 280, however, contained a provision exempting any "hunting, trapping or fishing" right, privilege, or immunity arising out of any federal-Indian treaty from state "control, licensing, or regulation". The 1854 Treaty of Wolf River, 10 Stat. 1064, was such a treaty, and, therefore, the United States Supreme Court held that the Menominee Indians' hunting and fishing rights survived the Termination Act. Menominee Tribe v. United States, 391 U.S. 404, 88 S.Ct. 1705, 20 L.Ed.2d 697 (1968).

Mr. Tucker argues, in view of the *Menominee Tribe* decision, that § 1202(a) may not constitutionally be applied to a Menominee Indian if the result is to preclude him from possessing firearms necessary to engage in his clearly protected right to hunt on the former reservation without state regulation. Since § 1202(a) may not be used to preclude his possession of such firearms, the argument continues, § 924(d) is not applicable, and the rifles may not be forfeited.

I have considered Mr. Tucker's position and have examined the ruling in *Menominee Tribe*, as well as the holdings in Puyallup Tribe v. Department of Game, 391 U.S. 392, 88 S.Ct. 1725, 20 L. Ed.2d 689 (1968); Squire v. Capoeman, 351 U.S. 1, 76 S.Ct. 611, 100 L.Ed. 883 (1956), and State v. Gurnoe, 53 Wis.2d 390, 192 N.W.2d 892 (1972). I conclude that Mr. Tucker's reliance on the hunting and fishing exemption from state control is misplaced in the context of this action.

The saving clause of Public Law 280, as interpreted by the Supreme Court, exempts Indians from state regulation of hunting and fishing on Indian lands. Section 1202(a) is a federal, not a state law, and it has nothing to do with the regulation of hunting and fishing. The fact that Mr. Tucker may consequentially be limited in his *ability* to hunt on Indian lands is not controlling; the statute is concerned with other unrelated legislative purposes and has absolutely no effect on his *right* to hunt.

The other objections directed at the statute concern claimed infringement of the second amendment's protection of the right to bear arms, the first amendment's prohibition of bills of attainder and ex post facto laws, and the fourteenth amendment's due process clause. These objections have been heard and rejected before. See United States v. Bass, 404 U.S. 336, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971); Cody v. United States, 460 F.2d 34 (8th Cir. 1972); United States v. Synnes, 438 F. 2d 764 (8th Cir. 1971), vacated on other grounds, 404 U.S. 1009, 92 S.Ct. 687, 30 L.Ed.2d 657 (1972).

Therefore, I have concluded that the plaintiff is entitled to prevail.