# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 28, 2020

Lyle W. Cayce
Clerk

No. 19-60911
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Michael Wayne Pearson,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:18-CR-250-1

Before Higginbotham, Jones, and Costa, *Circuit Judges*.

Per Curiam:*

Michael Wayne Pearson was convicted by a jury of knowingly making a false statement in connection with an acquisition or attempted acquisition of a firearm from a federally licensed firearms dealer in violation of 18 U.S.C. § 922(a)(6) and knowingly making a false statement to a federally licensed

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

firearms dealer with respect to the information required to be kept in the records of a federally licensed firearms dealer in violation of 18 U.S.C. § 924(a)(1)(A).  Pearson was sentenced to 15 months of imprisonment and three years of supervised release.  Pearson now appeals his conviction, arguing that the Government's evidence was insufficient to support the jury's guilty verdict.

Because Pearson properly preserved this issue, we review the preserved claim of error de novo.  *See United States v. Carbins*, 882 F.3d 557, 562-63 (5th Cir. 2018).  Under the de novo standard of review, we review whether "a rational jury could have found that the evidence established the elements of the offense beyond a reasonable doubt."  *Id.* at 563 (internal quotation marks and citation omitted).  The jury has the "sole authority to weigh any conflicting evidence and to evaluate the credibility of witnesses." *United States v. Grant,* 683 F.3d 639, 642 (5th Cir. 2012) (internal quotation marks and citation omitted).  We must "view all evidence, whether circumstantial or direct, in the light most favorable to the government, with all reasonable inferences and credibility choices to be made in support of the jury's verdict."  *United States v. Alaniz*, 726 F.3d 586, 600 (5th Cir. 2013) (internal quotation marks and citation omitted).  Furthermore, our inquiry upon review is "limited to whether the jury's verdict was reasonable, not whether we believe it to be correct."  *Id.* at 601 (internal quotation marks and citation omitted).

Pearson argues that the Government did not present sufficient evidence for the jury to conclude that he had knowledge of his prior commitment order to a mental institution when he attempted to acquire a firearm from a federally licensed firearms dealer on July 24, 2018.  We have stated that "[t]he rationality of inferences ultimately rest on common sense" and that "[t]his ordinarily is a quintessential jury question." *United States v. Chapman*, 7 F.3d 66, 68 (5th Cir. 1993).  Additionally, we have acknowledged

that even if a defendant presents evidence of a good faith lack of knowledge in making a false statement, "[p]roof of knowingly making a false statement is necessarily circumstantial in the great majority of [these] cases." *United States v. Garcia*, 479 F.2d 322, 324 (5th Cir. 1973). A review of the record indicates that a rational jury could infer from the Government's evidence that Pearson had knowledge of his prior commitment order when he attempted to acquire the firearm. Although the testimonies of the Government's witnesses and of Pearson himself at the trial did not reveal much information establishing Pearson's knowledge, the Government's exhibits did contain circumstantial evidence sufficient for a rational jury to infer that Pearson had knowledge of his prior commitment order. The Government's exhibits included the commitment order that was entered against Pearson by the Rankin County Chancery Court on March 21, 2018, a few months prior to his attempted acquisition of a firearm. The order by itself, on its face, could lead a rational jury to infer that Pearson had knowledge of his prior commitment, as it stated that Pearson had consulted his legal counsel and decided to waive a formal hearing with the court's approval regarding the commitment. With this evidence, along with the Government's other exhibits and witness testimonies, a rational jury could infer that Pearson had knowledge of his prior commitment order when he attempted to acquire a firearm.

While Pearson presented significant evidence of a good faith lack of knowledge of his prior commitment through his testimony at trial, we are ultimately highly deferential to the jury's findings and our inquiry on review is limited. *See Alaniz*, 726 F.3d at 600-01. Determinations of witness credibility and weight of the evidence are within the jury's sole authority, and the jury chose to assign great weight to the Government's exhibits and believe the Government's witnesses over Pearson. *See Grant,* 683 F.3d at 642.

Accordingly, Pearson's conviction is AFFIRMED.