THE STATE OF IOWA v. G. A. WILLIAMS, Appellant.

Trial:   QUALIFICATION OF JURORS.   Jurors who admitted having formed opinions, but who expressed themselves able to render a fair verdict on the evidence, guided by the instructions, were competent.

Review on Appeal:   CHANGE OF VENUE.   An application for a change of venue for prejudice was supported by affidavits of eight citizens of the county.   No reason was given for their belief.

but clippings from papers were attached, setting forth in a sensational manner, the circumstances of the homicide, and that subscriptions had been made over the county to erect a monument to the man with whose murder defendant was charged. Defendant had been removed to the jail of a neighboring county. Some 90 persons made affidavits to the effect that defendant could obtain a fair trial. *Held,* that a refusal of the change some four months after the commission of the crime was justified.

INSTRUCTIONS: *Exceptions.* Where no exception was taken to an instruction, an objection thereto cannot be considered on appeal.

SAME: *Motion for new trial.* Where an instruction, together with 15 others, was made a ground of motion for new trial, but none of the defects in any of the instructions were pointed out therein, it cannot be reviewed on appeal.

*Appeal from Union District Court.*—HON. H. M. TOWNER, and HON. W. H. TEDFORD, Judges.

WEDNESDAY, DECEMBER 18, 1901.

DEFENDANT was indicted for murder in the first degree, charged to have been committed in Union county. He made application for a change of venue on the ground of the prejudice of the inhabitants of that county. This application was heard and denied by Towner, J., and such denial forms one of the grounds of the appeal. Trial was had before a jury in a court presided over by Tedford, J., and out of this trial other grounds of complaint grew, which will be noticed specifically in the opinion. Defendant was convicted, judgment pronounced and he seeks a reversal through this appeal.—*Affirmed.*

*J. A. Penick, Copenhafer & Allen,* and *Temple, Hardinger & Temple* for appellant.

*Chas. W. Mullan,* Attorney-General, and *Chas. A. Van Vleck,* Assistant Attorney-General, for the State.

WATERMAN, J.—The person killed was a deputy sheriff of Union county. He was shot by defendant on the farm

of the latter, some two miles from Creston, while in the performance of his duty in attempting to levy a writ of attachment on property of defendant.  The application for a change of venue was supported by the joint affidavit of eight citizens of the county, who united in a declaration of belief "that the excitement and prejudice against the defendant in this county is such that he cannot obtain a fair and impartial trial in said county." No reasons are given by these affiants for such belief, but many clippings from county newspapers were attached to the application, in which the circumstances of the homicide are set forth' in a somewhat sensational manner, and defendant denounced as guilty of cold-blooded murder.  An article was also published in the papers setting forth the fact that subscriptions were being taken up in the county for the purpose of creating a fund with which to erect a monument to the dead officer, and giving a list of subscribers, with the amount each had contributed.  The state made a counter showing, filing the affidavits of some 90 persons, citizens of the county, and residing in different parts, each of whom makes oath that no such excitement or prejudice exists as would prevent defendant from obtaining a fair and impartial trial in Union county.  In addition to what has been said, it is proper to add that defendant, in his affidavit, made a showing that, because of public excitement and feeling in Creston at the time of his arrest, he was taken to the jail of Clarke county and there confined until the time of his trial. The trial occurred some four months after the commission of the crime.  A certain discretion is reposed in the trial court in passing upon applications of this kind, and this court does not interfere unless such discretion appears to have been abused.  In *State v. Edgerton,* 100 Iowa, 67, the showing for a change of venue was quite as strong as that before us, and we held that there was no error in overruling it.  *State v. Weems,* 96 Iowa, 426, in some of its features, was a stronger case than the one at bar in favor of a change, yet

this court sustained the trial court in refusing it. Outside the affidavit of defendant, there is no evidence of any demonstration on the part of the people of Union county, and his affidavit shows no more than the gathering of a crowd in the city of Creston at the time of his arrest, which was made immediately after the homicide. This was but a natural impulse on the part of these living so near the scene of the tragedy. If the crime was denounced by some persons in the crowd, and threats made against defendant, these facts justified the officers in removing the prisoner to an adjoining county, but they do not conclusively show such prejudice on the part of the whole people of the county as would prevent defendant obtaining an impartial jury among them. Counsel for defendant refer to the answers given by some persons called as jurors in the examination as to their qualifications, to support the claim that prejudice existed. We do not think the application for a change of venue can be sustained in his way, but, if it could, the answers to which reference is made cannot be said to have the effect claimed for them.

II. Exception is taken to the overruling of defendant's challenge to certain jurors. We need not set out the examinations in full. These jurors admitted having formed opinions, but, upon the whole examination, it appeared such opinions were qualified, and the jurors expressed themselves as able to render a just and fair verdict on the evidence in the case, guided by the instructions which the court should give. This was sufficient to qualify them. It is for the court to determine whether or not a juror is qualified. *State v. Munchrath,* 78 Iowa, 268. There was no error in overruling these challenges. *State v. Brady,* 100 Iowa, 194; *State v. Hudson,* 110 Iowa, 664; *State v. Young,* 104 Iowa, 734.

III. The correctness of the ninth paragraph of the court's charge is challenged. No exception was taken to this

instruction, and for that reason defendant cannot now be heard to complain of it. *State v. Hathaway*, 100 Iowa, 225, and cases cited. It is true, the giving of this instruction, together with 15 others, was made one of the grounds of a motion for a new trial, but this was too general in its terms, for none of the claimed defects in any of the instructions were pointed out therein. See section 3709, Code, and notes. There is no reason why this section does not apply to criminal as well as civil cases. *State v. Hathaway, supra;* Code, section 5371. The policy of the law is to give every person accused of crime a fair trial, but it is not intended to give him power to take an unfair advantage of the court.

We discover no error, and the judgment is AFFIRMED.