**UNITED STATES of America, Appellee,**

v.

**Gregory LAMEAR, Donald L. McEntire, Appellant, Phyllis Sparks.**

**No. 19605.**

United States Court of Appeals Eighth Circuit.

Nov. 5, 1969.

Gary T. Nelms, St. Louis, Mo., for appellant and filed brief.

James M. Gordon Asst. U. S. Atty., St. Louis, Mo., for appellee, Daniel Bartlett, Jr., U. S. Atty., and Robert C. Crimmins, Atty., Dept. of Justice, Washington, D. C., were on the brief.

Before MATTHES, BLACKMUN and BRIGHT, Circuit Judges.

PER CURIAM.

Appellant and his codefendants Gregory Lamear and Phyllis Sparks pleaded guilty to possessing and selling a quantity of lysergic acid diethylamide (LSD), a "depressant or stimulant drug" within 21 U.S.C. § 321(v) (3), in violation of 21 U.S.C. §§ 331(q) (2) and 331(q) (3) (A). Lemear and Sparks did not appeal.

Appellant seeks review of his conviction contending, as he did in the district court, that 21 U.S.C. §§ 331(q) (2) and 331(q) (3) (A), part of the Drug Abuse Control Amendments of 1965, Pub.L. No. 89–74, 79 Stat. 232, to the Federal Food, Drug and Cosmetic Act of 1938, 21 U.S. C. §§ 301–392, are unconstitutional. His position is that Congress acted in excess of the power delegated to it under the commerce clause of the United States Constitution in that the amendments have the effect of regulating and proscribing *intrastate* transactions.

The substance of appellant's argument has been rejected by this and other courts. United States v. Funk, 412 F.2d 452 (8th Cir. 1969); White v. United States, 399 F.2d 813 (8th Cir. 1968); Whalen v. United States, 398 F.2d 286 (8th Cir. 1968); United States v. Cerrito, 413 F.2d 1270 (7th Cir., July 25, 1969); Deyo v. United States, 396 F.2d 595 (9th Cir. 1968); White v. United States, 395 F.2d 5 (1st Cir.), cert. denied, 393 U.S. 928, 89 S.Ct. 260, 21 L.Ed. 2d 266 (1968); United States v. Freeman, 275 F.Supp. 803 (N.D.Ill.1967).

We remain firm in our view that the law under attack is not subject to any constitutional infirmities.

The judgment is affirmed.