**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**Glenn Frederick FINLEY, Defendant-Appellant.**

**No. 63–69.**

United States Court of Appeals Tenth Circuit.

Jan. 15, 1970.

Rehearing Denied Feb. 11, 1970.

James R. Richards, Denver, Colo. (James L. Treece, U. S. Atty., on the brief), for appellee.

Dale G. Yoakum, Denver, Colo., for appellant.

Before PHILLIPS, BREITENSTEIN and HICKEY, Circuit Judges.

PER CURIAM.

Defendant-appellant Finley was found guilty of transferring marihuana in violation of 26 U.S.C. § 4742(a). In reliance on Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57, he argues that the timely assertion of privilege under the Fifth Amendment precludes conviction. Leary considered the conviction of a transferee under 26 U.S.C. § 4744(a) (2). The Supreme Court has held that the Leary decision

does not apply to the prosecution of a transfer under § 4742(a). See Minor v. United States, 396 U.S. 87, 90 S.Ct. 284, 24 L.Ed.2d 283. We followed Minor in our recent decision in United States v. Priest, 10 Cir., 419 F.2d 570.

 The claim is made that the defendant was entrapped by an informer who was cooperating with an undercover government agent in an effort to obtain favorable consideration for an offense which he had committed. The government evidence is that the informer and agent gave the defendant an opportunity to commit an offense to which he was previously disposed. The conflicting testimony of the defendant presented an issue for jury determination. See Martinez v. United States, 10 Cir., 373 F.2d 810, 812, and McCarthy v. United States, 10 Cir., 399 F.2d 708, 710. The disagreement between the informer and the agent on some of the details of the transactions was unimportant. At the most it raised a credibility question for jury consideration. The court's instructions on entrapment were full and proper, and the defendant did not object to them.

Affirmed.