UNITED STATES of America, Appellee,

v.

Gerald Franklin SMITH, Appellant.

No. 71–1191.

United States Court of Appeals, Eighth Circuit.

Nov. 15, 1971.

See also 8 Cir., 444 F.2d 61.

Paul E. Watts, Omaha, Neb., for appellant.

Allen L. Donielson, U. S. Atty., Des Moines, Iowa, for appellee.

Before JOHNSEN, GIBSON and LAY, Circuit Judges.

PER CURIAM.

Gerald Franklin Smith was found guilty on four counts under 21 U.S.C. § 331(q) (2) and (q) (3) (A) of unlawfully possessing and selling d-methamphetamine hydrochloride tablets ("speed") in September and October 1970. Defendant was also found guilty on a separate conspiracy count. The offenses took place in Carter Lake, Iowa, which is contiguous to Omaha, Nebraska. Appeal to this court challenges the constitutionality of the statute, the court's instructions on entrapment and failure of the court to find entrapment as a matter of law or, alternatively, that defendant was only a procuring agent. We affirm the judgment of conviction.

Smith belongs to the Hell's Angels, a motorcycle club. In 1969 government agents infiltrated the Minneapolis branch of this organization to attempt to discover the club's alleged narcotics traffic. See United States v. Haley, No. 71–1192, 452 F.2d 398 (8 Cir., 1971) and United States v. Haley et al., 452 F.2d 391 (8 Cir., 1971), decided this same date. The testimony of the government agents is that they set up a front narcotics operation in Minneapolis which made contacts with the Hell's Angels there. The agents led members to believe they intended to set up a similar operation in the Omaha area dealing in narcotics, gambling and pornography. An introduction was thereby arranged with Smith, president of the Omaha Hell's Angels chapter, which led to the sales in question. Smith admits obtaining drugs at the request of the undercover agents on two occasions, September 15 and October 14, 1970. But he denies retaining any money given to him for the purchase of these drugs. His story was that he merely obtained the drugs in order to help save the life of the brother to a Minneapolis Hell's Angel. He had been led to believe by Dale Haley (defendant in the other *Haley* cases, supra), that one Thomas Liley would be killed unless some drugs could be produced to pay off a gambling debt Liley owed a Mafia enforcer. As was

later revealed at trial, the supposed Mafia enforcer was really an undercover government agent. The government denies, as it did in both *Haley* cases, that any kind of a threat was made against Liley or passed on to Haley or Smith.

Upon review of the entire record the jury could find, if it believed the government's testimony, that the government merely presented an opportunity for the defendant to make the illegal sales. If this was true then entrapment would not even be an appropriate defense. Defendant urges the identical argument as is set forth in the companion *Haley* (No. 71–1192) case on the trial court's entrapment instruction, which was the same in both cases. We discuss our rejection of this argument in *Haley*. See United States v. Haley, No. 71–1192, supra.

We also reject the "procuring agent" defense. See Lewis v. United States, 119 U.S.App.D.C. 145, 337 F.2d 541 (1964), cert. denied 381 U.S. 920, 85 S.Ct. 1542, 14 L.Ed.2d 440 (1965). After the first sale in September Smith passed along Haley's telephone number to the undercover government agent for contact should more buys be desired in the future. He likewise told the agent that on a few days notice he could supply almost any amount of speed. In the October sale, having been previously alerted that the agent would be in town, Smith had the drugs ready when the agent arrived. The record is abundant with other facts from which a jury could find that Smith sold drugs rather than acted as a procuring agent at the government's insistence. See United States v. Shoemaker, 429 F.2d 530 (8 Cir. 1970).

Defendant's constitutional argument is not new. He asserts that there is no empirical evidence that the restricted amphetamine affects interstate vehicular traffic, and therefore Congress has no jurisdiction to interfere with its sale without proof of an interstate transportation. In this regard, defendant complains of the trial court's rejection of testimony by a city prosecutor for the City of Omaha which would have shown that of the thousands of traffic cases the prosecutor was aware of, he never knew of amphetamines playing a part in the conviction of any driver.

The cases uniformly hold that the United States has jurisdiction over sales of stimulant drugs under § 331 without direct proof of the interstate transaction. United States v. Lamear, 417 F.2d 626 (8 Cir. 1969), cert. denied *sub nom* McEntire v. United States, 397 U.S. 967, 90 S.Ct. 1004, 25 L.Ed.2d 259 (1970); United States v. Funk, 412 F.2d 452 (8 Cir. 1969); White v. United States, 399 F.2d 813 (8 Cir. 1968). The proffered evidence adds nothing. Congress determined that the unsupervised use of specified drugs endangers the safety of those traveling on the highway, regardless of whether they are traveling interstate or intrastate. S.Rep.No.1609, 90th Cong. 2nd Sess. (1968), U.S.Code Cong. & Admin.News 1968, p. 4594. Defendant's quixotic proof hardly contravenes that finding.

Judgment affirmed.