**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Marianne BREWBAKER, Defendant-Appellant.**

**No. 71–1204.**

United States Court of Appeals,
Seventh Circuit.

Jan. 7, 1972.

Robert G. Mann, Indianapolis, Ind., for defendant-appellant.

Stanley B. Miller, U. S. Atty., Richard L. Darst, Asst. U. S. Atty., Indianapolis, Ind., for plaintiff-appellee.

Before HASTINGS, Senior Circuit Judge, and FAIRCHILD and STEVENS, Circuit Judges.

STEVENS, Circuit Judge.

■ In a bench trial appellant was convicted of making a sale of cocaine in violation of 26 U.S.C. §§ 4704(a) and 4705(a). She contends that she was entrapped into committing the offenses. The issue is whether the evidence shows, as a matter of law, "that government agents originated the criminal design and implanted in the mind of an innocent person the disposition to commit the crime." United States v. Haden, 397 F.2d 460, 466 (7th Cir. 1968), cert. denied, 396 U.S. 1027, 90 S.Ct. 574, 24 L. Ed.2d 523.

A federal narcotics agent, an informer named Cruft, and defendant testified about the transaction. On September 10, 1969, Cruft offered to cooperate with federal agents by arranging a purchase from one of his sources. After trying to telephone several different individuals, he reached appellant and asked her if she would obtain narcotics for him. She told him to come to her apartment at 8:00 o'clock that evening. He did so, accompanied by Agent Chmelik, who was introduced as a friend from Chicago.

After preliminary conversation, Cruft asked about the purchase of narcotics. Appellant replied that she had none in her apartment. In the presence of Cruft and Chmelik she made a telephone call in which using a pseudonym, she asked for "Nancy" and then asked, "are you taking care of business tonight?"[1] She then quoted prices for heroin and cocaine.

About an hour later she went out, leaving her two visitors in her apartment. At about 9:40 she telephoned to advise that no heroin was available and agreed that she would return with $75 worth of cocaine, which she did.

■ The entrapment claim is based on appellant's testimony that she had abandoned her former unlawful occupation and that she obtained the cocaine for an old friend as a favor, at no profit to herself. The evidence was clearly sufficient, however, to support the conclusion that she had an established channel for commercial dealing, that she was ready and willing to use it on September 10, 1969, when Cruft first telephoned her, and that although the Government afforded her the opportunity to commit the offense, it is not responsible for her disposition to do so.

The trial judge was not required to accept her testimony that she was an innocent person who was tempted into committing a crime for which she had

---

1. The defendant gave the following explanation of the telephone call made in the presence of the buyers to a "very big dealer." (Tr. 180)

   "I used an alias name because she had told me repeatedly that her phone was tapped. I told her, 'This is Susan', which was my alias name. I asked her if she was taking care of business. She said, 'Yes.' I asked her if I could come over and she said 'Yes', and I told her I would be there shortly." (Tr. 181)

no predisposition. Since he tried the case without a jury, the procedural problem identified in Sorrells ·v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413, did not arise. On the record it was not error for him to find appellant on the guilty side of the line "between the trap for the unwary innocent and the trap for the unwary criminal." Sherman v. United States, 356 U.S. 369, 372, 78 S.Ct. 819, 821, 2 L.Ed.2d 848.

The judgment is affirmed.