**STATE of Iowa, Appellee,**

v.

**David YOUNGBEAR, Appellant.**

**No. 54392.**

Supreme Court of Iowa.

Nov. 15, 1972.

Ralph W. Koons, Cedar Rapids, for appellant.

Richard C. Turner, Atty. Gen., Fred Haskins, Asst. Atty. Gen., and William G. Faches, Linn County Atty., for appellee.

Heard before MOORE, C. J., and Le GRAND, UHLENHOPP, HARRIS and McCORMICK, JJ.

LeGRAND, Justice.

Defendant appeals from his conviction and subsequent sentence on a charge of robbery with aggravation committed in violation of section 711.2, The Code (1966). We affirm.

The two assignments of error require no recitation of the factual background of this case, and we therefore give none.

Defendant asserts he is entitled to a new trial because of error in the introduction of prejudicial and inflammatory photographs and because the trial court improperly submitted to the jury the issue of de-fendant's intoxication when that defense was not raised or relied on.

I. Eleven pictures were introduced as exhibits by the State. They showed the injuries allegedly inflicted on the victims of this robbery. Defendant argues the use of numerous photographs when one or two would have sufficed served only to inflame the jury. He also argues the exhibits were merely cumulative, lacked probative value, and should have been excluded.

The admission or rejection of photographic exhibits lies largely with the trial court. We will not disturb its decision except for manifest abuse of discretion. We have consistently held that pictorial evidence of objects, places or persons relevant to the issues being tried and likely to be of assistance in helping the jury understand the evidence before it is properly admissible. State v. Niccum, 190 N.W.2d 815, 829 (Iowa 1971); State v. Albers, 174 N.W.2d 649, 657 (Iowa 1970).

We have examined the exhibits complained of by defendant and find nothing inflammatory or prejudicial about them. We find no merit in this assignment of error.

II. Defendant also claims the trial court erred in submitting an instruction on intoxication as it bore on the intent necessary to commit the crime charged. Defendant does not allege the instruction given was substantively wrong, only that it should not have been given at all.

No objection was made at the time the instructions were submitted to the jury. They were challenged only in defendant's motion for new trial following his conviction. This procedure is, of course, permissible under our law. State v. Brown, 172 N.W.2d 152, 157 (Iowa 1969); State v. Wisniewski, 171 N.W.2d 882, 886 (Iowa 1969); State v. Schmidt, 259 Iowa 972, 980, 145 N.W.2d 631 (1966).

However, the matter now urged as reversible was not properly preserved for

review. The motion for new trial asserted as one of its grounds that the trial court "erred in giving jury instructions number 1 through 22, which instructions did not embody the law applicable to this case and clearly misled the jury and prejudiced this defendant." This is what defendant must rely on here.

■ Such a blanket objection without specifying the nature of the claimed defects presents no issue for us to consider. While defendant may postpone making his objections until filing a motion for new trial under section 787.3(5), (7), he is not thereby relieved of the duty to state what he complains of. The purpose of this rule is, of course, to permit the trial court, whether the matter is called to its attention when the instructions are submitted or by motion after conviction, to correct any mistake and to cure the matter without the necessity of an appeal. We have always held this to be the case. State v. Vandewater, 203 Iowa 94, 96, 212 N.W. 339, 340, 341 (1927) (grounds in a motion for new trial must be stated with enough specificity to permit the trial court "an opportunity to rule or correct the error which is now argued in this court"); State v. Williams, 115 Iowa 97, 101, 88 N.W. 194, 195 (1901) (a catch-all objection to 15 instructions in a motion for new trial too general to be considered.)

■ Rule 196, Rules of Civil Procedure, requiring that objections to instructions set out the grounds for complaint governs in criminal cases as well as civil. Section 780.35, The Code; State v. Schmidt, supra, 259 Iowa at 979, 145 N.W.2d at 631. Except that the time for making such objections is enlarged by section 787.3, this condition applies whether instructions are challenged by motion for new trial or by objections made during trial. Defendant made no effort to comply with this rule.

■ Because of the obligation imposed upon us by section 793.18, The Code, we have nevertheless considered defendant's

complaint as it affects his right to a fair trial. We find nothing prejudicial in the instruction as given. There is no merit in his argument that he is entitled to a new trial because of it.

III. Finding no reversible error, we affirm the judgment of the trial court.

Affirmed.