STATE of Iowa, Appellee,

v.

Dennis Michael **KLAUER**, Appellant.

No. 57037.

Supreme Court of Iowa.

March 19, 1975.

Daniel W. Boyle, Iowa City, for appellant.

Richard C. Turner, Atty. Gen., Nancy J. Shimanek, Asst. Atty. Gen., and Carl Goetz, County Atty., for appellee.

Heard by MOORE, C. J., and RAWLINGS, UHLENHOPP, REYNOLDSON and HARRIS, JJ.

**804**

REYNOLDSON, Justice.

A jury found defendant guilty of the crime of delivery of a controlled substance (heroin) in violation of § 204.401, The Code. He appeals a judgment under which he was imprisoned and fined. We reverse and remand for new trial.

■ I. Defendant asserts trial court should have granted his motion for mistrial following an in-court identifyng procedure in which the assistant county attorney had the following exchange with a state agent on the witness stand:

"Q. Can you identify that individual in court today? A. Yes, I can.

"Q. Is it the defendant, sitting to my far right in the brown coat?"

We disapprove such a suggestive identifying technique as did trial court. We are not required to determine whether failure to declare a mistrial on defendant's motion was reversible error because of our holding in division II, infra.

■ II. Defendant also claims admissions of evidence were erroneous and entrapment instructions were faulty under our recent decisions (not then available to trial court) in State v. Deanda, 218 N.W.2d 649 (Iowa 1974) and State v. Mullen, 216 N.W.2d 375 (Iowa 1974). We need consider only the evidentiary issues.

After defendant took the stand and his entrapment defense became obvious, trial court permitted him to be asked, *inter alia,* (over objections of irrelevancy and immateriality) whether he had ever sold narcotics, whether he was on methadone drug rehabilitation treatment, and whether he was experienced in the use of marijuana. Trial court overruled the objections and permitted affirmative answers to be made under our pre-*Mullen* rule, stating, "I think any evidence of prior transactions in controlled substances would now be admissible as bearing on the issue of disposition of the defendant or readiness and willingness on his part to violate the law as it interrelates to the issue of entrapment which has now been raised by the defendant."

We hold admission of this evidence was erroneous under our later *Mullen* holding, and that defendant's objections properly preserved the error. See State v. Clay, 213 N.W.2d 473, 476–77 (Iowa 1973).

As this necessitates a new trial, we need not reach the question whether defendant's objections properly preserved error with respect to the pre-*Mullen* entrapment instructions.

Reversed and remanded for new trial.