**STATE of Iowa, Appellee,**

v.

**James Allan SPARKS, Appellant.**

**No. 58490.**

Supreme Court of Iowa.

Feb. 18, 1976.

Robert M. Benton, of Rex Darrah Law Office, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Thomas D. McGrane, Asst. Atty. Gen., and Ray A. Fenton, County Atty., for appellee.

Submitted to MOORE, C. J., and RAWLINGS, UHLENHOPP, REYNOLDSON and McCORMICK, JJ.

McCORMICK, Justice.

Defendant appeals his conviction and sentence for delivery of amphetamines in violation of § 204.401(1), The Code. The sole question presented is whether he was denied a fair trial by trial court rulings which permitted the prosecutor to ask him on cross-examination about the source of the drugs he admitted he delivered. We affirm the trial court because we do not find he was denied a fair trial.

Defendant's theory of defense was entrapment. He testified at length on direct examination about his close relationship with the government's agent. He emphasized the agent's blandishments, ingratiating conduct, and persistence in asking him to obtain drugs. He added color to this portrait of the agent's aggressiveness by claiming unfamiliarity with drug trafficking and uncertainty about his ability to carry out the requested transaction. This is illustrated by part of his testimony on direct examination:

Q. Could you tell me what it was that happened between you and Mr. Porter that got you into that car that night? A. He called me up and wanted something.

Q. He called you up and wanted some what? A. Tablets. He just said he wanted some tablets.

Q. And he had done this many times before? A. Yes.

Q. Is that correct? A. Yes.

Q. What was your answer to him that night? A. Told him I could look into it, but, "I am not sure," because, I don't know, I didn't know.

Q. Go ahead and speak up, Jim. You didn't know— A. Where nothing was at, because I don't—You know, I don't even—

Q. So you told him that you would give him a call back and look around; is that correct? A. Yes.

Q. And you did so? A. Yes.

Later in his testimony on direct examination this exchange occurred:

Q. What happened then? A. He started talking, and I told him to go over to Center Street, that there might be somebody over there that might have something, some pills. I didn't know.

Q. And did they ask—What happened after that? A. We went over to Center Street.

Q. And you were with him? A. Yes.

Q. Is that correct? A. Yes, and he gave me the money and I went inside and

I got one baggie and took him out and he opened it and tasted one, and said he would like the other bag.

Q. Yes? A. So I went in and got the other baggie for him.

On cross-examination the assistant county attorney asked defendant whom he got the pills from. Defense counsel objected on the ground of relevancy, and the objection was overruled. Defendant said the man's name was John but he could not remember his last name. He asserted this was the first time he had ever been to that place. When asked whom he had called to find out who might have pills, he first said he did not recall, then over unsuccessful defense objection on the grounds of relevancy and scope of cross-examination identified the man he called as "Frank". He said he was not sure but thought his last name was Aldrich. Later he testified the purchase had to be made before 2:00 p. m. because he guessed that is when John went to work. When asked where John worked he was required to answer over another objection based upon relevancy. He identified a bar where he believed John worked.

Defendant contends the trial court erred in overruling his objections to these questions. All objections raised an issue of relevancy and one was addressed to the scope of cross-examination.

■ The basic test of relevancy is whether the evidence offered would render the desired inference more probable than it would be without the evidence. *State v. Mathias,* 216 N.W.2d 319, 322 (Iowa 1974). In this case, assuming without deciding the evidence was not necessary to prove the fact of delivery, *State v. Ostrand,* 219 N.W.2d 509, 513 (Iowa 1974), it was nevertheless probative in refuting defendant's entrapment defense. Although we are committed to the objective test of entrapment, *State v. Mullen,* 216 N.W.2d 375 (Iowa 1974), this does not render the circumstances surrounding the defendant's participation in the drug transaction irrelevant. As pointed out in *Mullen* :

"In adopting an objective test we do not intimate the transactional negotiations and conduct of the government official (or his agent) and the defendant should be ignored. What was said, and the defendant's response to the inducements, should all be considered in judging what the effect of the government conduct would be on normally law-abiding persons." 216 N.W.2d at 382–383.

The conduct of the government official or agent must be evaluated in its context, not in a vacuum. Under this principle the State had a right to test defendant's claim of unfamiliarity and uncertainty concerning the transaction by cross-examination of the kind involved here. The jury was not bound to accept his version of the transaction.

■ Defendant alleges any probative value of the evidence was outweighed by its undue prejudicial effect so that it should also have been excluded on that basis. His trial court objections were insufficient to preserve error on this contention. *State v. Harmon,* 238 N.W.2d 139 (Iowa 1976). We find no merit in his claim he was denied a fair trial by the trial court's rulings on his relevancy objections.

■ Nor do we find merit in his objection that the trial court abused its discretion in overruling his objection that the question relating to the identity of the person he called to obtain information about a source of pills exceeded the scope of proper cross-examination. Under the standard discussed in *State v. Jensen,* 189 N.W.2d 919 (Iowa 1971), we believe this matter was sufficiently introduced on direct examination to permit the challenged inquiry on cross-examination.

No reversible error appears.

Affirmed.