STATE of Iowa, Appellee,

v.

Robert Allen COOPER, Appellant.

No. 58862.

Supreme Court of Iowa.

Dec. 15, 1976.

John Sandre, of Scalise, Scism, Gentry, Brick & Brick, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Richard H. Doyle IV, Asst. Atty. Gen., and Ray A. Fenton, County Atty., for appellee.

Heard by MOORE, C. J., and RAWLINGS, REES, REYNOLDSON and HARRIS, JJ.

REYNOLDSON, Justice.

The difficult issue in this appeal is whether district court, in a trial involving delivery of a controlled substance, erred in refusing to instruct the jury on the question of entrapment. We conclude this issue was for the jury and therefore reverse and remand for new trial.

Defendant was convicted on two counts of delivery of cocaine in violation of § 204.-401, The Code, and sentenced to two ten-year terms, to run concurrently. The oper-ative facts took place March 2 and March 3, 1975.

Dennis Wilbur, special agent for Iowa Division of Narcotics and Drug Enforcement, testified that on March 2, Crippen, an admitted police informer, made a phone call to arrange a cocaine sale between a man named "Dave" and Wilbur. Wilbur later received a call from Dave that delivery would be made at Crippen's residence at 1325 22nd Street, Des Moines. Defendant brought the cocaine. Wilbur's attempt to negotiate price was met by defendant's statement that "they [not 'he'] had some expenses".

March 3, officer Wilbur negotiated another sale by calling Dave twice. A third call was initiated by Dave, who told Wilbur "one gram" was on its way to the 1325 22nd Street address. Again defendant arrived with the cocaine. Wilbur told defendant that Dave had quoted a price of $75. Defendant promptly telephoned Dave to confirm the price was $85.

At trial defendant admitted the deliveries but testified he did it for and at the requests of his friend and roommate David Aiken. Aiken had performed favors for him and didn't have an automobile. Defendant asserted he didn't arrange the deals, didn't own the drugs and didn't keep any of the money.

Of course, in taking the witness stand with these admissions, defendant "went for broke" on the theory an inference was raised during State's evidence that Dave was a police agent or informer and defendant was therefore entrapped.

Although the police officers denied David Aiken was their agent, they demonstrated a startling disinterest in apprehending him. The police knew the location of his Des Moines home at 3409 Clark Street, which he occupied with defendant and another man. The telephone there was listed in Aiken's name. The drug sales were arranged with Aiken, not defendant, by use of that telephone. Despite this acknowledged activity, the police admitted they made no effort to arrest Aiken or go "out looking" for him. The record disclosed Aiken was in a foosball

**910**

parlor with defendant when the latter was arrested.

Defendant excepted to trial court's failure to instruct the jury on the entrapment issue. His requested instruction on entrapment was denied. This alleged error was preserved below and asserted here. The two remaining contentions raised by defendant relate to the accommodation hearing. Because of our holding on the above issue, they are summarily disposed of, infra.

■ I. When we adopted the objective test for entrapment in *State v. Mullen,* 216 N.W.2d 375 (Iowa 1974), we said, 216 N.W.2d at 383:

"Depending on an evaluation of the facts in each case, prohibited governmental activity might include extreme pleas of desperate illness, appeals based primarily on sympathy, pity or close personal friendship, and offers of inordinate sums of money."

See also *State v. Tomlinson,* 243 N.W.2d 551 (Iowa 1976); *State v. Baumann,* 236 N.W.2d 361 (Iowa 1975).

In *Mullen,* supra, 216 N.W.2d at 382, we held trial court should determine the entrapment issue as a matter of law where there is no dispute as to the facts or the inferences to be drawn from them but should submit the issue to the jury where the defense is properly raised and there is a dispute in the evidence relating to the operative facts or inferences to be drawn therefrom.

■ Several additional rules are important here. The defendant has the burden of generating a fact question on the defense of entrapment. *Tomlinson,* supra, 243 N.W.2d at 553, citing *State v. Ostrand,* 219 N.W.2d 509, 512–513 (Iowa 1974).

■ When a fact question exists the burden is on the State to disprove entrapment beyond a reasonable doubt. *Tomlinson, supra,* 243 N.W.2d at 553; *State v. Fagan,* 190 N.W.2d 800, 802 (Iowa 1971).

■ In deciding whether the evidence was sufficient to generate a jury question on the entrapment issue, this court will view the evidence in the light most favorable to defendant. *Tomlinson,* supra, 243 N.W.2d at 553.

■ Where law officers use an individual to help them arrange the commission of a crime by another person, the officers cannot disclaim the inducements such individual offers in the course of his efforts for the officers. *Tomlinson,* supra, 243 N.W.2d at 554; *Ostrand,* supra, 219 N.W.2d at 512.

■ Viewing as we must the evidence in the light most favorable to defendant, we believe a jury could draw a permissible inference from this record that Aiken was working with the police. We further believe a jury might have found defendant acted as courier as a result of requests based on close personal friendship with his roommate, Aiken.

Assuming the jury found Aiken to be a police agent or informer, there was government participation in both ends of the transactions in which defendant was courier. This could be an instance of the classic "take-back entrapment" we described in *State v. Overmann,* 220 N.W.2d 914 (Iowa 1974).

On the issue of inducement we find the record skimpy and the question close. Trial court was without benefit of our subsequent decisions in *Tomlinson* and *Baumann,* supra. However, we find the evidence sufficient to generate a jury question on the issue of entrapment and upon retrial the jury must be so instructed.

■ II. Defendant additionally asserts trial court erred in not granting a jury trial on the accommodation issue, and in finding he was not an accommodator. Upon retrial, the accommodation hearing must be conducted according to *State v. Monroe,* 236 N.W.2d 24 (Iowa 1975). See *State v. Jeffs,* 246 N.W.2d 913 (Iowa 1976); *State v. Ivory,* 247 N.W.2d 198 (Iowa 1976). We need not further discuss these issues.

Reversed and remanded for new trial.

REVERSED AND REMANDED.