**STATE of Iowa, Appellee,**

v.

**Raymond Lynn AGENT, Appellant.**

No. 87–1768.

Supreme Court of Iowa.

July 19, 1989.

As Corrected Aug. 4, 1989.

Raymond E. Rogers, Acting Appellate Defender for appellant.

Thomas J. Miller, Atty. Gen., Bruce Kempkes, Asst. Atty. Gen., William Dowell, County Atty., and Mary Ann Brown, Asst. County Atty., for appellee.

Considered by McGIVERIN, C.J., and HARRIS, SCHULTZ, LAVORATO and SNELL, JJ.

SNELL, Justice.

Defendant, Raymond Lynn Agent, was convicted by a jury of delivery of cocaine, in violation of Iowa Code section 204.-401(1)(a) (1985). He relied on entrapment as a defense. The State introduced evidence regarding a future drug sale that defendant claims was improper and necessitates a new trial. On appeal the Iowa Court of Appeals, being equally divided, affirmed the defendant's conviction by operation of law. On further review, we affirm.

Defendant's friend, B.D., was an informer in this case. He agreed to set up drug purchases by the State from defendant in consideration of his receiving a suspended sentence on a felony drug offense. B.D. arranged meetings between defendant and B.T., a special agent for the Iowa Department of Public Safety, posing as a drug purchaser. On three occasions drug buys were made. Agent B.T. obtained fifty dosage units of L.S.D. for $150. He paid $250 for a foil packet of opium, later determined to contain no controlled substances. At a third meeting agent B.T. got a plastic bag of cocaine from defendant for $600.

Defendant was charged and tried on all three offenses. The jury acquitted him on the L.S.D. and opium charges, but convicted him of delivery of cocaine.

Defendant asserts he was entrapped to commit the offense by the State's use of his friend, B.D. At trial, defendant was thirty-six years old, an unemployed truck driver from Keokuk, who said he met B.D. in 1985. Informer B.D. was arrested in 1986 on a drug offense; defendant understood he had to sell his possessions, includ-

ing his tools, to post bond. B.D. had a wife and five children who lived on welfare benefits. Defendant said he felt sorry for B.D. and was badgered by him into selling drugs to help him out. Defendant got drugs from a dealer he knew, sold them to agent B.T. and split the profits with informer B.D.

B.D. as a rebuttal witness for the State, substantiated most of defendant's testimony. He denied, however, that he had to "use a lot of persuasion" or use a "sob story" to get defendant to participate in the drug transactions. He also denied receiving any money from defendant but admitted to being a habitual liar.

Prior to trial defendant filed a motion in limine to prevent evidence of defendant's offer to participate in future drug sales. The court overruled the motion, holding that the State could introduce testimony regarding all conversations between State agent B.T. and defendant at the time of the sale of each of the substances on the three separate occasions.

During the State's case in chief, the trial court sustained defendant's objection to a question asked agent B.T. whether defendant discussed the possibility of future drug sales. In cross-examination of the defendant, however, the following testimony was permitted by the court over objection.

MS. BROWN: Did you ever talk with B.T. about having future drug dealings with him?

MR. LINN: Your honor, I would object based on the grounds I previously mentioned, relevancy, rule 404B concerning future bad acts, prejudice outweighing the probative value. It goes to the predisposition of the defendant, which is not relevant in an entrapment case.

THE COURT: The objection is overruled. You may answer.

A. I don't remember making plans to make any further deals with him.

Q. When you were dealing with B.T. on this third transaction in which cocaine was sold, did you say to B.T. that if he wanted to buy an ounce of cocaine in the future it would cost $2000?

MR. LINN: Your Honor, I would interpose the same objection on the same grounds of relevancy, Rule 404B, prejudice outweighing the probative value, and that this goes to the predisposition of the defendant which is not a matter in an entrapment case.

THE COURT: The record will show your objection and it is overruled. You may answer the question.

A. I don't recall having that conversation. I may have—may have had it, though.

Q. Why would you have said it?

MR. LINN: Same objection, your honor.

THE COURT: Same ruling.

A. Well, at this time I thought I was still helping B.D.

Q. Why would saying that help B.D.?

A. It would still—he would still be involved in this same deal the same as he was on this last transaction. Even though he wasn't there, he was the one that set it up.

Q. Well in reality wouldn't that kind of a comment really help you?

A. I'm sure it would. It would help both of us.

Q. So during the course of the third transaction with B.T., were you anticipating future transactions with him?

MR. LINN: Your honor, same objection on predisposition, relevancy, rule 404B and prejudice outweighing probative value.

THE COURT: Overruled.

A. I guess I was.

On appeal, defendant reasserts that error was made in allowing this evidence because it was not relevant where the defense is based on entrapment and the prejudicial effect substantially outweighs its probative value.

Relevant evidence is that which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Iowa R.Evid. 401. Although relevant, evidence may be excluded if its probative val-

ue is substantially outweighed by the danger of unfair prejudice. Iowa R.Evid. 403; *State v. Howell*, 290 N.W.2d 355 (Iowa 1980).

Our present law regarding entrapment was formulated in *State v. Mullen*, 216 N.W.2d 375 (Iowa 1974). An objective test was adopted to find whether entrapment had occurred.

> Entrapment occurs when a law enforcement agent induces the commission of an offense, using persuasion or other means likely to cause normally law-abiding persons to commit the offense. Conduct merely affording a person an opportunity to commit an offense does not constitute entrapment.

216 N.W.2d at 382.

In moving from a purely subjective test we sought to remove the focus of inquiry from the defendant's propensity to crime emanating from a criminal nature to whether the judicial process was perverted by the conduct of government officers. The real concern, thus, is on police actions that are so reprehensible that they should not be tolerated as a matter of public policy. The defendant's predisposition to commit the crime or whether the criminal design originated with him is no longer the critical factor in an entrapment case. The defense is allowed primarily as a curb upon improper law enforcement techniques, to which the predisposition of the particular defendant is irrelevant. *Mullen*, 216 N.W.2d at 382; *accord, State v. Deanda*, 218 N.W.2d 649 (Iowa 1974) (evidence of subsequent sales erroneously received on question of defendant's predisposition); *State v. Klauer*, 226 N.W.2d 803 (Iowa 1975) (error to admit evidence, as bearing on issue of defendant's willingness to violate the law, whether he had ever sold narcotics, was on methadone drug rehabilitation treatment and whether he was experienced in the use of marijuana). Not irrelevant, however, are the transactional negotiations and conduct of the defendant and the government agent. "What was said, and the defendant's response to the inducements, should all be considered in judging what the effect of the government conduct would be on normally law-abiding persons." *See Mullen*, 216 N.W.2d at 381–83.

In *State v. Sparks*, 238 N.W.2d 777 (Iowa 1976), defendant complained that the state's cross-examination of his testimony about a drug sale was irrelevant to the entrapment issue. There we said:

> Although we are committed to the objective test of entrapment, *State v. Mullen*, 216 N.W.2d 375 (Iowa 1974), this does not render the circumstances surrounding the defendant's participation in the drug transaction irrelevant.... The conduct of the government official or agent must be evaluated in its context, not in a vacuum. Under this principle the state had a right to test defendant's claim of unfamiliarity and uncertainty concerning the transaction by cross-examination of the kind involved here.

*Id.* at 779; *cf. Mullen*, 216 N.W.2d at 384 (Uhlenhopp, J., concurring specially).

In the case at bar, the trial court sustained defendant's objection to the State's question of agent B.T. about future drug sales by defendant. On cross-examination of the defendant, the objection was overruled. During an earlier offer of proof made by the State on this question, the court indicated that the evidence might be proper on rebuttal. We have defined rebuttal testimony as "that which explains, repels, controverts, or disproves evidence produced by the other side." *State v. Bakker*, 262 N.W.2d 538, 543 (Iowa 1978); *State v. Miller*, 229 N.W.2d 762, 770 (Iowa 1975).

Defendant sought to convince the jury that he was talked into selling drugs by the State's informer, B.D., whom he felt sorry for and wanted to help. The evidence of possible future sales came out of the same conversation that produced the cocaine sale and related directly to the conduct of the State agent and B.D. and their influence on defendant. As in *Sparks*, the State had a right to show defendant's interest in future drug sales as bearing on his claim that he was persuaded by law enforcement agents to commit the crime. The trial court struck the precise balance forecast by *Mullen* in protecting the rights of the defendant with-

out creating an artificial scenario for the State to present as to how the crime occurred.

In the practical world in which a jury operates to decide a defendant's fate, it is unrealistic to confine the examination of factors relevant to entrapment, even under the objective test, to only what the government agent said and did. A jury does not function in the sterile atmosphere of a scientist's laboratory and should not be isolated from the facts. The idea of entrapment of a normally law-abiding person can only have meaning at trial in the context of how the government's actions impacted on the defendant.

A trial court has considerable discretion in admitting rebuttal testimony. *State v. Bakker,* 262 N.W.2d 538, 543 (Iowa 1978); *State v. Hansen,* 225 N.W.2d 343, 351 (Iowa 1975). Its ruling will be disturbed only upon a clear abuse of discretion. *State v. McCullough,* 226 N.W.2d 216, 217 (Iowa 1975). Here, the trial court correctly found the disputed evidence relevant and not unduly prejudicial.

DECISION OF COURT OF APPEALS AND JUDGMENT OF DISTRICT COURT AFFIRMED.